### HORATIO WALKER *vs.* SMITH, ROBINSON & Co.

</div>

BENNINGTON,
February,
1830.

Where A, B and C, being joint owners of a large amount of real and personal estate, sold the same on credit to the defendants, who executed to each of the vendors separate securities for his portion of the purchase money ;—held that in an action by A upon the notes thus executed to him, the defendants were not entitled to prove fraudulent representations of the vendors, for the purpose of reducing the damages ; the defendants not having rescinded the purchase.

*Assumpsit* upon a promissory note, and tried in the county court upon the general issue. On trial the defendants offered evidence to prove the following facts :—That the note in question was given upon a purchase by the defendants and another person, from the plaintiff and his late partners, *Simeon Granger* and *Lewis L. Peet,* of an ore bed and furnace, about 300 tons of ore dug, certain lands, wood and coal, a store of goods, together with sundry debts due, and other property, estimated in the whole at $10,000—That the respective shares of said vendors in the purchase money were separated, and securities were executed to each for his portion—That upon the sale the vendors falsely, fraudulently and deceitfully, represented to the purchasers, that the stack in said furnace was made in the best manner and of the

<div style="float:left">

BENNINGTON,
*February,*
1830.

Walker
*vs.*
Smith et al.

</div>

best materials, that a quantity of ore from the bed aforesaid had been proved at the *Pittsford* furnace, and found to make the first quality of iron, and that the 300 tons aforesaid was the produce of the same bed—That the purchasers relying on these representations and believing the same to be true, were thereby induced to make said purchase—That in fact the stack was badly built and of very bad materials, consisting in part of a scaly rotten kind of stone, and in part of lime stone, and that after a blast of about 100 days it crumbled down and fell to pieces—That no ore from the bed aforesaid had ever been tried at *Pittsford*, but a quantity from a different bed had been there proved and found to be good ; and that the ore bed purchased, as also the 300 tons of ore, were of no value, and that all these facts were well known to the plaintiff and his partners at the time of the sale. The defendants claimed the right of proving these facts, either to defeat the action or to reduce the damages. This evidence was objected to by the plaintiff and rejected by the court. And a verdict being returned for the amount of the note, and judgement rendered thereon, the defendants filed exceptions to the decision, and the same were passed to this court according to the statute.

*Bennet* and *Aiken, in support of the exceptions.*—To save circuity of action this defence ought to be let in, if it can be without prejudice to the substantial rights of the parties. The strong inclination of courts in modern times has been to prevent circuity of action wherever it can be done. They have even gone so far as to determine by repeated adjudications, that matter of defence in a former action cannot be used to lay the foundation of a subsequent suit.—9 *Johns.* 232.—12 *Id.* 347.—14 *Id.* 377.—1 *Johns. C.* 437.—*Tilton* vs. *Gordon*, 1 *N. H. Rep.* 33.—*Fisher* vs. *Samuda*, 1 *Camp.* 190. It is not perceived why justice may not be done by admitting the defence, as well as by driving the defendants to their cross action.

It is an established rule that between original parties the consideration of a bill or note may be enquired into. Where a bill or note is given voluntarily and without consideration, it imposes no liability to pay. So where there has been a total failure of consideration, this constitutes a good defence.—*Yelv.* 4.—7 *T. R.* 121.—1 *H. Bl.* 64.—19 *Johns.* 53.

So where a bill or note is given for more than was originally due, damages may be apportioned.—*Peake's C.* 61.—2 *Stark. R.* 145.—1 *Esp. R.* 261.

Where there has been simply a *partial* failure of consideration, without warranty or fraud, it is admitted the cases present

BENNINGTON,
*February*,
1830.

Walker
*vs.*
Smith et al.

greater difficulties, and it is not easy to reconcile them.—*Chit.* *Con.* 276.—2 *Kent's Com.* 376.—1 *Camp.* 40.—2 *Id.* 346.—2 *Stark. Ev.* 281.—14 *East*, 486. By these authorities it would seem that this defence has been excluded ; but by others, that it has been let in under similar circumstances.—7 *Johns.* 383.—6 *East*, 110. Ld. *Ellenborough* and *Ch. J. Kent*, in laying down the rule that this defence is not to be received, expressly exclude the idea of fraud, as entering into the cases where the rule applies ; and it is strongly intimated, that if the failure of consideration had arisen from fraud, the defence would be available.

Fraud, as a general rule, vitiates every contract tainted by it. But if this court should recognize the distinction between fraud in procuring a contract, and fraud which goes only to the consideration, yet we contend it may be set up as a defence in either case. And the effect will be, either to entirely defeat a recovery, or to reduce the damages and prevent a circuity of action.— 13 *Johns.* 302.—15 *Id.* 230.—1 *Johns. C.* 437.—2 *Taunt.* 2. —*Peake. C.* 216.—1. *Stark. R.* 42.—3 *Camp.* 453.

*Smith* and *Sargeant, contra.*—No action could be maintained upon the representations which the defendants offered to show in defence.— *Chit. Con.* 134–222.—2 *Stark. Ev.* 468–9–70.— *Cro. J.* 386.—1 *Aik.* 269.—1 *Wheaton's Selw.* 484. They may all be construed as the mere expression of opinion, and the defendants by the use of proper diligence could have tested their correctness.

But though an action might have been supported, yet the representations cannot be shown in defence to a note given for the property. A partial failure of consideration is no defence to an action on bill or note, even to reduce the damages.— *Chit. Con.* 169.—2 *Stark. Ev.* 280.—1 *Sw. Dig.* 718.—1 *Wheaton's Selw.* 241.—2 *Wheat. R.* 13.—1 *Camp.* 40.—3 *Id.* 38.—7 *East*, 483.—14 *Id.* 486.

The representations were not admissible on the ground of fraud ; for, from the defendants' own showing, the fraud was only partial, and the contract was not rescinded on their part.— *Chit. Con.* 137 to 140–188–275.—1 *Chit. Pl.* 348.—1 *Wheaton's Selw.* 69, 486, (*notes* 9–10,) 2 *Wheat. R.* 13.

ROYCE, J. delivered the opinion of the court to the following effect.—Two questions are presented in this case. The first is a general question of some importance, whether evidence of the description which was offered by the defendants is admissible in an action on a promissory note, to reduce the amount of dam-

BENNINGTON,
February,
1830.

Walker
vs.
Smith et al.
ages ; the second is, whether it ought to be received in this particular instance, if admissible in common cases.

It may be safely assumed as a general principle, that an entire want or failure of consideration avoids a note ; that fraud which affects the entire contract, and prevents the whole benefit expected from it, will also avoid it ; and that fraud which goes only to a part of the consideration, if it defeats any important object of the contract, will avoid the contract at the election of the party defrauded. Here was not, however, an entire failure of consideration, nor a fraud in relation to all the property, nor any offer to rescind the contract of purchase.

In assumpsit for services performed, and for goods sold and delivered, it appears to be settled, that in the former case, (with some few exceptions,) if the plaintiff goes upon a *quantum meruit*, he is considered as putting the value of his services directly in issue ; and the defendant is of course entitled to enter at large into evidence to show want of skill or unfaithfulness in the plaintiff, or any defect or insufficiency in the work ; and the rule of damages is the measure of actual benefit conferred by the service. And it is now generally held that this course is so decidedly proper and expedient, that a subsequent action for the badness of the work will not be supported : unless where the service has been not merely worthless, but has occasioned a positive injury. The rule is the same where a certain price was stipulated, provided the defendant has given seasonable notice of his intention to make such defence ; and in many cases the evidence has been received without regarding this distinction. In the action for goods sold, if it is strictly a *quantum valebant*, the like evidence of defective quality is admissible, and for the same general reason. If a price was expressly agreed on, or is fairly to be implied, so that the plaintiff would not be answerable for defects, except by reason of a warranty or fraud, here it is not disputed that a fraud which defeated the whole benefit of the purchase, or a partial fraud, if the purchaser repudiated the contract on that ground, might be given in evidence. And we believe, though this has been sometimes controverted, that evidence of a warranty, or of fraud going only to *lessen* the benefit of the purchase which was not rescinded, is within the policy of modern decisions and should be admitted.—13*Johns.* 302.—7 *East,* 480 *(note.)*—1 *Stark. R.* 107—18 *Johns.* 141.

If however a promissory note or bill of exchange has been given, upon the considerations already mentioned, or any other, different rules appear to prevail. An original want of consideration as to a part of the note, or a failure of consideration as to a part, may still be shown, provided the amount to be thereby de-

ducted is matter of certain computation, with reference to the BENNINGTON, February, 1830. whole sum contained in the note. In other words, the note may be apportioned according to the consideration which continues to exist at the time of the trial.—1 *Esp. R.* 261.—2 *Burr.* 1082.— Walker vs Smith et al. 5 *Esp.* 141.—2 *Camp.* 346.—7 *Johns.* 383.—13 *Ibid.* 283.— 6 *East,* 110.—*Peake's C.* 61.—2 *Stark. R.* 166, 304. But if the tendency of the evidence is not to show a certain sum to be abated, by reason of the want or failure of a specified part of the consideration, but to establish in favor of the defendant a claim to unliquidated damages, the current of reported decisions is certainly opposed to its admission.—1 *Camp.* 40, *and notes.*—2 *Ibid.*346.—3 *Ibid.* 38.—14 *East.*486.—2 *Wheat.* 13.—1 *Stark. Rep.* 51.—1 *Greenl.*—352.—2 *Stark. Ev.* 281. The evidence here offered was decidedly of this character, and the defendants did not renounce the purchase on account of fraud. .

The doctrine on this subject may have been influenced by the negotiable quality and commercial character of bills and notes, and an apprehension of embarrassments which a different rule might put upon this circulation. So far as this reason is concerned, the objection to such evidence would lose its force in this state, as our statute has subjected these securities, in any stage of negotiation, to every offset, and other matter of equitable defence, which could be set up between the original parties. Experience has shown the great advantage of consolidating the different enquiries, relating to the same transaction, in a single trial, and this Court would rather extend than circumscribe the limits of the practice. In a case therefore where the damages sought to be deducted, though uncertain, are clearly less than the amount of the note sued, and where the transaction is not so complicated as to render the enquiry inconvenient, we should not probably consider the prevailing rule so stubborn as to forbid the introduction of the evidence.

In this case however we are satisfied that it was properly rejected. The rule contended for is an innovation upon the old law, introduced for the sake of convenience and to prevent a multiplicity of actions, and should be governed in its application by the reasons which led to its adoption. But applied to this case, it would in our opinion tend rather to increase than diminish litigation. Upon this scheme the defendants must either deduct their whole damages from the demands of this plaintiff, or take their chance of deducting rateably against the different vendors, as they shall severally attempt to enforce their demands. The former course would be unjust, and the latter inconvenient if not impracticable. And besides, as these successive assessments of damages would be made by different juries, and would of course

BENNINGTON, differ in amount, they would probably occasion a new series of
*February,*
1830. actions to enable the vendors to equalize the losses among them-

Walker selves. It is urged however that as the plaintiff and his partners
*vs.*
Smith et al. were in fault, they have no right to complain of the consequences.

But to this it is a sufficient answer for the present purpose, that the shares of the vendors in the purchase money were separated by consent of the defendants, who executed to each distinct securities for his portion. The evidence was therefore properly rejected, and the judgement of the county court must be affirmed.

Judgement affirmed.

*Bennet* and *Aiken*, for plaintiff.

*Smith* and *Sargeant*, for defendant.