### George E. Stone v. Royal W. Peake.

In an action upon a note, when there has not been an entire failure of consideration, and no offer has been made on the part of the defendant to rescind the contract, he cannot set up, as a defence, that there was fraud in the contract on which the note was given, especially when the damages are unliquidated.

If the defendant would rely upon proving fraud as a defence to an action upon a note, when there has been only a *partial* failure of consideration, he should in the first place offer to rescind the contract, so as to place the parties *in statu quo*, if he has it in his power to do so.

Assumpsit on a note dated Sept. 10, 1836, for five hundred dollars, payable in one year from date, and signed by the defendant and one Joseph Blanchard. Plea, the general issue, and trial by jury.

The execution of the note was admitted by the defendant. It appeared in evidence that, at the date of the note, the defendant and said Blanchard (who, it was admitted, was jointly interested with the defendant in the transaction,) purchased of the plaintiff a written contract, or bond, for the conveyance of certain land in Milwaukie, Wisconsin Territory, executed to the plaintiff by one George D. Douseman, dated June 17, 1836, on which the plaintiff had paid one instalment, and on which there then remained to be paid to Douseman $5250, which sum Peake and Blanchard were to pay to Douseman, besides paying to the plaintiff the amount paid by him. That the defendant and Blanchard gave several notes for the amount which, in consideration of said sale, was to be paid to the plaintiff by them, among which was the note now in suit. That the bargain with the plaintiff was made at Bristol, Vt.; and evidence was given tending to prove that, at the time it was made, the plaintiff falsely and fraudulently, and with a view to inspire Peake and Blanchard with confidence in the contract, for the purchase of which they were treating, represented to them that the title to the land described therein was good and unquestionable in Douseman; that the land was free from all incumbrance; that Douseman was the second in the chain of title from the United States, and that the plaintiff had procured one Judge Hyer to examine the title to the

land, before he made the contract with Douseman. That Peake
and Blanchard reposed confidence in the plaintiff, and, not knowing
the falsity of his representations, did, on the faith of them, pur-
chase said contract; that the said Peake and Blanchard paid the
amount stipulated to be paid by the plaintiff on said contract with
Douseman, and, at the time of the payment of the last instalments,
they were informed that Douseman had no title to the land, but that
the title was in one Talbot C. Douseman, and that the land was
heavily incumbered by a mortgage; that the legal title to the land
was then in the United States; and that Peake and Blanchard ac-
quired no title to the land under said contract, nor in any manner,
except by a deed from said Talbot C. Douseman; and that they
might have sold the land at an advance from the price agreed to be
paid, if the title to it had been in George D. Douseman, and had
been free from incumbrance.

Testimony was given by the plaintiff tending to prove that the
said Peake and Blanchard were both at Milwaukie in 1837, — that
they paid the second and third instalments due to Douseman on the
contract, and took a deed of warranty from Talbot C. Douseman,
instead of from George D. Douseman in discharge of said con-
tract on his part, and delivered the contract between the plaintiff
and said George D. Douseman to said Douseman; that Blanchard
and Peake subsequently commenced, by attachment, a suit against
said Talbot C. Douseman on the covenants of his deed to them of
the land in question; that recently they had caused a suit to be
commenced in the name of said Stone against George D. Douseman
on the covenants of the contract between said Stone and said
Douseman; — and had also commenced a suit against George D.
Douseman in their own names, to recover back the money paid by
them to said Douseman upon said contract; and it did not appear
that either the said George D. Douseman or Talbot C. Douseman
was irresponsible. But evidence was given to show that George
D. Douseman was in good circumstances, and able to respond in
damages upon the covenants of his bond. It also appeared that
Blanchard and Peake have now a suit in chancery, and also a suit
at law, pending against the said Stone, in which the same fraudulent
representations on the sale of said contract are counted and relied
upon as the grounds of relief and recovery. No evidence was given

Stone *v.* Peake.

tending to prove that the defendant and Blanchard, or either of them, had ever made any offer to the plaintiff to rescind the contract for the sale and assignment of said bond, and the defendant claimed damages far beyond the amount of the note now in question.

The county court held, that, as there had been no offer to rescind the contract, the fraudulent representations complained of by the defendant could not, under the circumstances of this case, avail him as a defence to this note, and directed a verdict for the plaintiff. Exceptions by defendant.

———— ———— for defendant.

This is not a case that comes within the principles that have been applied to a class of cases where the purchaser received some benefit, has had the possession, or has disposed of the property purchased, or where there has been only a partial failure of consideration, or where it is necessary that an apportionment of the losses sustained be made. In that class of cases there are many decisions against admitting such a defence as is offered in this case. But this is a case where the consideration has totally failed, and one in which no question can arise as to the apportionment of the damage sustained. The defence goes to the whole amount of the notes that were given to Stone. In such cases, and especially where fraud has been practised, the principle is well settled that there can be no recovery on the notes. 2 Kent 479. *Morgan* v. *Richardson,* 1 Camp. 40. *Tye* v. *Gwynne,* 2 Camp. 346. *Mann* v. *Lent,* 10 B. & C. 877, [21 E. C. L. 191.] *Polhill* v. *Walter,* 3 B. & Adol. 114, [23 E. C. L. 38.] 8 Cow. 31. *Cook* v. *Mix,* 11 Conn. 432. 15 Johns. 224, 230. 1 N. H. Rep. 174. 3 Ib. 455. 13 Wend. 605. 8 Mass. 46. 15 Ib. 319. 4 Ib. 502. 1 Camp. 190. 4 Car. & P. 15. 5 Ib. 343. 3 Stark. R. 107. 2 B. & Ald. 456. 2 Stark. Ev. 340, 882. Chit. on Cont. 90, 367, 529. *Beecker* v. *Vrooman,* 13 Johns. 302.

The question as to these notes cannot be affected by the result of the suits that Blanchard and Peake have commenced against the Dousemans, to recover back the money paid to them. If Blanchard and Peake succeed in those suits, it can neither strengthen nor weaken Stone's claim to recover the amount of the notes given to him, nor his right to retain the money, if the notes had been paid. Nor

can the pendency of the other suits affect the question of Stone's right to collect these notes. To the damages that may be recovered in those suits, for the expenses and sacrifices to which Blanchard and Peake have been subjected, the amount of these notes could not be added, if not collected by Stone.

The case of *Walker* v. *Smith et al.*, 2 Vt. 539, is entirely different from this. In that case there was but a partial failure of consideration ; the defendants were in possession, and, to a great extent, had the benefit of their purchase ; the notes were given to different persons, and were so situated that an apportionment was impracticable. That case does not sustain the principle that a recovery on a note must be permitted, in a case where the money, if paid, can be recovered back again by another suit.

*E. D. Barber* for plaintiff.

1. Could the defence relied upon in this case be available, to show that the contract upon which the note was given was void ?

It is said that fraud will avoid a contract. But the important question, to be decided in this case, and others like it, is, how must the party, claiming to have been defrauded, take advantage of it ? If he can show that the fraud affects the entire contract, and that, in consequence of it, he has lost all benefit from the contract, he may defend on that ground under the general issue. If the fraud be partial, and go only to a part of the consideration, the contract may be avoided by him ;—but, in that case, he must elect to rescind the contract upon the discovery of the fraud, and return whatever he received in the same situation in which it was when he received it. *Barton* v. *Stewart*, 3 Wend. 236. *Campbell* v. *Fleming*, 28 Eng. C. L. 29. *Shepherd* v. *Temple*, 3 N. H. Rep. 455. *Ferguson* v. *Carrington*, 9 B. & C. 59, [17 E. C. L. 330.] *Kimball* v. *Cunningham*, 4 Mass. 502. *Conner* v. *Henderson*, 15 Mass. 319. *Hunt* v. *Silk*, 5 East 449. LD. ELDON in *Curtis* v. *Hannay*, 3 Esp. R. 82. And when this cannot be done, the contract cannot be rescinded. 3 N. H. Rep., above cited. *Moggridge* v. *Jones*, 14 East 486. Or, if the party having a right to rescind have done any act which amounts to an admission of the existence of the contract, he cannot afterwards elect to treat it as void. *Brinley* v. *Tibbets*, 7 Greenl. 70. *Ferguson* v. *Carrington*, 9 B. & C. 59, [17 E. C. L. 330.]

Stone v. Peake.

Chit. on Cont. 527, a. n. 2. 28 Eng. C. L. 29, above cited. In this case Blanchard and Peake, by bringing their action for damages, have affirmed the contract. *Kimball* v. *Cunningham*, 4 Mass. 502.

And in general the party who seeks redress by rescinding a contract, either in pursuance of a stipulation contained in the contract, or on account of some fraud or misrepresentation,—whether he seek to recover back money paid, or to avoid the payment of a note or bill given for the price,—must return the chattel, before he is entitled to recover. Chit. on Cont. 573. *Shepherd* v. *Temple*, 3 N. H. Rep. 455. *Towers* v. *Barrett*, 1 T. R. 133. *Kimball* v· *Cunningham*, 4 Mass. 502. *Fleming* v. *Simpson*, 1 Camp. 40, note. 3 Esp. R. 82.

2. Was the defence admissible to show a want or failure of consideration? The case shows that there was not a *want* or an *entire failure* of consideration. The general question, whether a *partial failure* of consideration may be given in evidence under the general issue, is involved in perplexity, and has been decided differently by different courts. It may be considered settled, perhaps, that, when the action is upon the contract, for the *price* of the goods sold or labor performed, the evidence is admissible. But the rule is different, where the action is upon a note, or bill, or other security, given for the price. The general current of authorities seems to be, that, in such case, a partial failure of consideration may be given in evidence, provided the amount to be deducted be matter of certain computation. 3 Wend. 431, 236. 1 Esp. R. 261. 7 Johns. 383. 2 Burr. 1082. 2 Camp. 346. 13 Johns. 283. 6 East 110.

But, when the action is upon a bill or note, given upon a special contract which has not been rescinded, and which is not wholly void by reason of fraud, and the defence relied upon tends to show, not some definite sum to be deducted, but a claim to unliquidated damages, it seems to be well settled that the defence is not admissible. *Williams* v. *Hicks*, 2 Vt. 39. Chit. on Cont. 598–9, 367, 574. *Day et al.* v. *Nix*, 9 Moore 159, [17 E. C. L. 121.] *Morgan* v. *Richardson*, 1 Camp. 40. *Tye* v. *Gwynne*, 2 Campbell 346. *Archer* v. *Bamford*, 3 Stark. R. 175, [14 E. C. L. 176 b.] *Spiller* v. *Westlake*, 2 B. & Adol. 155 [22 E. C. L. 49.] *Ob*-

28

*bard* v. *Betham*, 1 Mood. & Malk. 483, [22 E. C. L. 363.] 3 Camp. 38. 3 N. H. Rep. 455. 14 East. 486. 2 Kent 472. 2 Wheat. 13. 1 Stark. R. 51. 1 Greenl. 352. 2 Stark. Ev. 281.

The present is a case which comes clearly within this rule. The fraud complained of is only partial; the contract has not been re-scinded; and the claim is for unliquidated damages. These damages must be entire to Peake and Blanchard jointly. They could not bring separate actions to recover for the fraud; how then can they be permitted substantially to effect the same result, by having damages apportioned between them in defences to actions brought by the plaintiff on their separate undertakings growing out of this joint transaction? And, after having defended against these several notes in this way, may they not still proceed with their cross action for the balance of the damages unliquidated by these defences? If Peake may defend against this note, on the ground relied upon, Blanchard may do the same,—for one of them cannot be concluded by the other's recovery; and one jury would not be bound, in assessing damages, by the finding of a previous jury. *Walker* v. *Smith et al.*, 2 Vt. 539.

The opinion of the court was delivered by

HEBARD, J. This case comes here upon exceptions to the ruling of the county court excluding the defence set up to the note. The case finds that the evidence tended to prove that the contract, upon which the note was given, was fraudulent. It is a familiar principle of law, and one distinctly recognized in the case of *Walker* v. *Smith et al.*, 2 Vt. 539, " that an entire want, or failure of consideration avoids a note," and, " that fraud which affects the entire contract, and prevents the whole benefit that was expected to be derived from it, will also avoid it." This is substantially the doctrine of the case of *Williams* v. *Hicks* 2 Vt. 39. It is the doctrine of the same cases, and seems to be well settled law, that fraud cannot be set up as a defence in an action on note, merely to *reduce* the damages, unless the sum to be deducted is matter of certain computation. *Moggridge* v. *Jones*, 14 East 486. *Basten* v. *Butter*, 7 East 479. It then becomes important to examine and see how stands the present case. The substance of the whole case presents this state of facts, that the plaintiff made a contract with

George D. Douseman for seven and one-half acres of land in Milwaukie, and stipulated to pay him $7,000,00 in the whole, and paid a portion of it at the time, and that the rest of it was to be paid by instalments, and that he took a bond from said Douseman, that, if he paid said sums by the time stipulated, that he, Douseman, would execute to the plaintiff, or his heirs or assigns, a good and sufficient warrantee deed of the land. The plaintiff then made a sale and assignment of this *bond and contract* to the defendant and one Blanchard, for which this note and others were given.

The first inquiry is, what was sold? The answer to that is apparent. It was the *bond.* The land was not sold by the plaintiff to the defendant and Blanchard, nor does there appear to have been any stipulation between them in relation to the land. The plaintiff did not assume to have any title to the land, and did not even engage that Douseman should deed it, but merely sold the bond to the defendant and Blanchard, which obligated Douseman to give a good and sufficient deed of the land to such person as held the bond. This bond was assigned, and was the consideration for *this note* and the others. When the defendant and Blanchard paid the sums stipulated in the bond, as assignees of the bond, they had a claim upon Douseman for a deed of the land. If the land was of any value, and Douseman was responsible, then the bond was of some value. In relation to both of these points the case is decisive. It finds that, if they had obtained a title to the land, they could have sold it for more than they gave, and also that Douseman was able to respond in damages. Then there was not a failure of consideration; they had everything for which they contracted. At most it cannot be said to be an *entire* failure of consideration, and, if a failure of any part, it is uncertain for how much, and whatever damage there may be, is uncertain and unliquidated. When the defendant and Blanchard, after paying the stipulated sum, ascertained that the title to the land was not in George D. Douseman, if they had called upon him upon his bond, for not deeding the land, the rule of damage would probably have been the value of the land. But that damage, whatever it was, would belong to the defendant and Blanchard, to be apportioned between them; and, only one of them being party to this suit, we have no rule by which the damage in this suit could be apportioned between them.

Again, when they found that the title to the land was not in George D. Douseman, and that therefore he could not perform the conditions of his bond, if any fraud had entered into the contract, instead of accepting a deed from Talbot C. Douseman, and giving up the bond, they might have rescinded the contract, and returned the bond to the plaintiff, and that would have put the parties *in statu quo.* The plaintiff could then have pursued Douseman upon his bond, and the defendant and Blanchard might then have resisted the attempts of the plaintiff to enforce the collection of these notes, without loss or prejudice to him. The defendant had no right, because there was fraud in the contract, to refuse to use the bond for his own benefit, and at the same time put it beyond the power of the plaintiff to use it for his advantage.

But however that may be, I think it clear, that, if defendant and Blanchard are entitled to damage for the false and fraudulent representations of the plaintiff in making this contract, the damages are too uncertain to be ascertained and apportioned in this action, and they must seek and recover whatever damages they may be entitled to, in the appropriate action.

Judgment of county court affirmed.