MATTINGLY vs. MORANVILLE.

It is too late after verdict to except to the giving instructions.

APPEAL from Perry Circuit Court.

FRISSELL, *for Appellant.*

I. The following instruction, given by the court on its own motion:—"That to render the defendant liable as a partner in the purchase of the horse in controversy, it is not indispensible that the plaintiff should prove an actual co-partnership: if the defendant consented to be held out to the community as a partner, he is liable as such, although there may have been no partnership existing,"—was erroneous and not warranted by the facts in the case—

1st. Because there was no evidence whatever that Mattingly did consent to be held out as a partner in the purchase of horses, but on the contrary, constantly repudiated the idea.

2nd. The instruction favors the idea that one partner may render his co-partner liable for his own private transactions in fraud of the copartnership, by signing the co-partnership name. Gow on Partnership, pages 5, 6, and 7, and notes; ib. p. 191; Eastman vs. Cooper, 15 Pickering, 280.

II. The judgment is for the wrong party, and ought to be reversed.

SCOTT, J., *delivered the opinion of the Court.*

This was an action tried in the Circuit Court on an appeal from a justice's court.

There being no exceptions taken to the instructions of the court at the time they were given, it was too late after verdict to except to them.

The other Judges concurring, the judgment will be affirmed.