### McKell v. Wright, Evans & Co.

*Lake*

Where a party fails to trust his exceptions to the ruling of the court, in refus-
ing instructions, at the time of such refusal, it is too late to do so after ver-
dict.

Where a party fails to except to the ruling of the court, in refusing instruc-
tions, at the time of such refusal, the appellate court will not inquire whe-
ther the instructions were improperly refused.

*Appeal from the Des Moines District Court.*

*Browning & Tracy,* for the appellants.

*J. C. & B. J. Hall,* for the appellee.

Wright, C. J.—The error assigned in this case, refers to
the overruling of plaintiff's motion for a new trial.   By
reference to this motion, we learn that it was based upon
the ground, that the court erred in refusing certain instruc-
tions.   To the overruling of the motion, plaintiff excepted,
but there is nothing to show that he excepted or made any
objection at the time the instructions were refused.

*Lake*

*Held,* That having failed to trust his exceptions to
the ruling of the court, in refusing said instructions, at the
time of such refusal, it was too late to do so after verdict,
and that this court would not inquire whether they should
or should not have been given.   *Rollins* v. *Tucker,* 3 Iowa,
213.

Judgment affirmed.