AARON H. CRAGIN *et al. v.* LEWIS FOWLER AND DAVID T. CORBIN.

*Patent. Promissory Note. Consideration.*

A partial failure of consideration cannot be set up as a defence to a note.

Where the thing which was purchased was valueless as it was purchased, and for the purpose for which it was purchased, it is no answer for the vendor, in a suit upon the note given for the purchase money, to say to the vendee, you have, after all, got something that can be made useful in some different manner, or for some other purpose. The purchaser has a right to that for which he bargained, and it must be of some value, or he is not bound to pay for it.

ASSUMPSIT upon a promissory note. Plea the general issue, and trial by jury at the December term, 1860, BARRETT J., presiding.

The material facts in the case are sufficiently stated in the opinion of the court.

*Washburn & Marsh,* for the plaintiff.

*Converse & French,* for the defendant.

PIERPOINT, J. This action is upon a promissory note. The defence is failure of consideration. The note was given for the exclusive right to make, vend and use, in a portion of the State of Illinois, a patent broadcast seed-sower, which right was then owned by the plaintiff, and which he transferred to the defendants, on the execution of the note in suit.

Cragin et al. *v.* Fowler et al.

It appears from the original letters patent, with the specifications and drawings attached, and constituting a part thereof, that were introduced by the plaintiff, that it was the object, intent and purpose of the patentee to get patented a machine that would distribute seed evenly and rapidly, and be operated by horse power ; the specifications and drawings are all made on that principle, and do not indicate any other method by which the machine was designed to, or could be made to operate, so as to accomplish the object.

The plaintiff also introduced evidence tending to show that after the patent was obtained, and before the sale, various machines were made according to the plans and specifications, all to be operated by horse power. There is nothing in the case to show that at the time of the sale any machines had ever been made, except such as were to be operated by horse power, or that the inventor or any other person had then entertained the purpose, or conceived the idea, of operating the machine by any other power. It is apparent that the only machine that the parties had in view as the subject matter of their contract, was to be operated by horse power. In that undoubtedly consisted its principal merit.

It is a matter of history that the farmers and inventors of the country have long sought for a machine that should sow seed properly, rapidly, and be operated by horse power ; the great object being to save manual labor and time. Such a machine these parties undoubtedly supposed they had before them, and it was for the exclusive right to make, sell and use such machines, within certain limits, that this note was given.

The defendants' testimony tended to show, and the jury have found by their verdict, that machines constructed upon the principle described in the specifications, and according to the plans and drawings attached to and constituting a part of the letters patent, are entirely worthless.

To rebut the testimony introduced by the defence, the plaintiff produced testimony tending to show that sometime after the contract was entered into by these parties, it was discovered that by so reducing the dimensions of the machine that it could be carried by a man, and varying its construction so far as to admit of its being operated by hand, and without altering it in those par-

ticulars, that were protected by the pantentee, it could be used successfully, and would be of some value, and thereupon requested the court to instruct the jury that if the machine thus modified was of any value for use, there was not an entire failure of consideration, and that under the well settled rule in this state, that a partial failure of consideration cannot be set up as a defence to a note, the plaintiff was entitled to recover the full amount of it. The court declined so to charge, and in this it is claimed there was error.

Conceding that a hand machine may be constructed, including the same combination as the horse machine, so as to be protected by the patent, and that the hand machine so constructed would be of some value, still the right to construct and sell the hand machine was not what the parties contracted for; and although it does not appear that the grant specifically named horse power as that by which it was to be operated, yet the specifications describe, and the plans illustrate, a machine made to move upon wheels and to be moved and operated by means of power applied to it by a horse or other like animal connected with the machine by the appliances ordinarily used to connect such animals to wheeled carriages, with a seat attached to be occupied by the driver of the animal. With a machine constructed according to the plan, and that would operate according to the specifications, the entire labor of moving the machine and the driver, and of distributing the seed, is performed by the animal, and necessarily with great rapidity. The owner takes his place upon the machine, guides it as he chooses, and the desired labor is performed through the instrumentality of the machine and the horse. A machine that would thus operate, all can see would be of great value, and so the parties undoubtedly regarded it. In this case the jury have found that a machine constructed according to the plan will not operate according to the specifications, and is valueless, and consequently the right to make and sell such is also valueless.

The hand machine, although involving the same combination that is patented, is in all its substantial and most important and valuable features, an entirely different thing; instead of carrying the man, it must be carried by him; instead of being operated

Craigin et al. *v.* Fowler et al.

and having the seed distributed by the power of a horse, it must be done by the man. There can be no substantial saving, either of time or labor, by means of the hand machine. Again, the right to make and vend the hand machine constituted no part of the actual consideration of the note. The idea of making such a machine had not then been conceived ; to originate and develope such an idea required inventive genius and mechanical skill. The purchaser is not required to bring these qualities to bear in order to construct a different machine, to give value to and to avail himself of, that which he had purchased, and which, as he purchased it, was valueless.

If the hand machine had been constructed at the time of the purchase, so as to have been in the contemplation of the parties at the time, and have constituted a part of the consideration, the case would have presented a different question ; there would then have been only a partial failure of consideration.

Here there is an entire failure of consideration ; that which was purchased was valueless as it was purchased, and for the purpose for which it was purchased, and it is no answer to say, " although this is true, you have, after all, got something that can be made useful in some different manner or for some other purpose." The party has the right to that for which he bargained, substantially, and it must be of some value, or he is not bound to pay for it.

But it is said that if the defendant is allowed to avoid the note, he still retains the right to make and sell the hand machines under his grant. We think if the defendant should attempt to do this, after having repudiated and avoided the contract on his part, the plaintiffs' counsel would soon devise some method that would effectually protect the rights of the plaintiffs in this respect.

Judgment of the county court affirmed.