State *v.* Clark.

---

THE STATE OF VERMONT *v.* MARTHA D. CLARK.

*Practice.*

Exceptions to a charge must be taken, if at all, at the close of the charge, and before the jury retire from the jury box.

It is not the duty of the court to instruct the jury that they must not hold the law to be more unfavorable to the respondent than the court charged.

INDICTMENT for murder. Upon the trial no exception was taken by the respondent to the rulings of the court, except in the particulars hereinafter stated. The court charged the jury that they were judges of the law as well as of the facts ; that it was the duty of the court to instruct them as to what the law was ; that it was their duty to find and regard the law as it really was, and not as they might think it ought to be ; but that they had the right if in their sound

judgment and conscientious belief they thought the law was different from what the court told them it was, to hold it to be thus different. To all this no exception was taken.  The court omitted to tell the jury that they must not hold the law to be more unfavorable to the respondent than the court charged it to be ;  the respondent's counsel did not request the court so to charge, or to supply such omission. The jury returned a verdict of guilty of manslaughter.  After verdict the counsel for the respondent excepted to the omission of the court to charge the jury that they must not hold the law to be more unfavorable to the respondent than the court charged it to be.

*M. Buck*, for the respondent.

——— ———, for the state.

BARRETT, J.  It seems that no exception was taken to the charge of the court till after the verdict had been returned.  It is an established rule, conformable to which the practice has been uniform so far as we know, that exception to a charge must be taken at the close of the charge, and before the jury retire from the jury-box. Under this rule the case is not properly before this court.

But if it was, in our opinion the point made is untenable.  In the first place, it is not claimed that the instructions given to the jury are erroneous.  In the next place, no aspect or posture of the case is presented, which required the court, as matter of legal duty, and without special request in that respect, to give the instruction, for the omission to give which the exception was prayed for.  Error must be affirmatively shown in order to be available in this court. But again, we think it was not the duty of the county court, in any supposable aspect of the case, to give the instruction now claimed as necessary to have been given.  It is inferable from the exceptions, that the respondent had invoked the exercise of the technical right and power of the jury to judge of the law as well as of the fact. We are not prepared to question the right of counsel to take this course.  But when they do it, we are ignorant of any principle or precedent for holding that the court may be required to exercise any more restraint upon the jury, against the hazard of committing an error in the law prejudicial to the respondent, than of committing a like error to the prejudice of the prosecution.  When the respondent, or learned counsel, presume to secure advantage by assuming the su-

periority of the jury over the court in their knowledge of the law of the case, and in their honesty and integrity in administering it, we think it unwarrantable to claim of the court any special immunity against the legitimate perils incident to such an experiment.

The exceptions are overruled, and the case is remanded to the county court for sentence.