REUBEN R. THRALL, APPELLANT, *v.* JOHN H. HORTON, AND JULIUS A. C. HORTON.

*Promissory Note.    Partial Failure of Consideration.*
*Act of* 1867.

A promissory note taken by a party with knowledge of its consideration, is subject to any defense, as far as the consideration is concerned, which may be made where it is negotiated when overdue.

The rule is well settled in this State, that a partial failure of consideration cannot be set up as a defense to a note. By statute of November 21st, 1867, it is permitted in a suit between the original parties to the note, but the statute does not extend the right beyond such parties.

ACTION upon a note dated March 31, 1864, signed by the defendants, and payable to Alvah Preston, or bearer, two months from date, with interest, for twenty-seven dollars, and endorsed by Preston to the plaintiff, for value received, on the 1st day of April, 1864. Plea, the general issue, with notice. Trial by jury, September term, 1871, WHEELER, J., presiding.

Thrall v. Horton et al.

On the trial, it appeared that one Alvah Preston had been employed by one Ira Chaplin to bring a suit in his favor against the defendant, John H. Horton, and was authorized by Chaplin to settle the suit as he might think proper. Preston made a writ returnable to the county court, Rutland county, September term, 1863. The suit was entered at the September term, 1863, when the defendants interposed a plea in abatement, which was sustained by the court, and to this decision the plaintiff excepted, and the case passed to the supreme court, where the decision of the county court was reversed, and the case was remanded to the county court for trial, March term, 1864, and was continued.

On the 31st of March, 1864, John H. Horton settled the matter in controversy in that suit with Alvah Preston, by paying him five dollars cash and giving the note in question, and that suit was to be discontinued.

The plaintiff knew what the consideration of the note was when he took it. On the 24th day of June, 1864, the defendant paid the plaintiff ten dollars on the note. Ira Chaplin, the plaintiff in that suit, was then at the south, in the army, and the suit was continued until Chaplin returned from the army.

The defendant contended that the suit was settled, and should be discontinued.

The case was continued, on motion of the plaintiff, against the objection of the defendant, from term to term, until September term, 1868, when the plaintiff Chaplin having died, the suit was abated by his death.

During all the time that said suit of *Chaplin* v. *Horton* was pending in court, the plaintiff in this cause was the attorney of record for said Chaplin.

Upon the above facts being shown, the court decided that the consideration for which the note was given had failed, and directed a verdict for the defendants, which was given accordingly. To this decision and instructions the plaintiff excepted.

*Reuben R. Thrall* and *Charles H. Joyce*, for the plaintiff.

*D. E. Nicholson* and *Joel C. Baker*, for the defendants.

The opinion of the court was delivered by

Royce, J.   The only question reserved for the opinion of the court in this case is, whether the court erred upon the facts shown in ordering a verdict for the defendant.   The plaintiff knew what the consideration of the note was when he took it, hence he took it subject to any defense, as far as the consideration was concerned, which might have been made to it if he had taken it when overdue.   Counsel have assumed in argument that the only consideration for the note was the agreement to discontinue the suit then pending in favor of Chaplin against John H. Horton, and claim that inasmuch as that suit was not discontinued, but was kept in court against the objection of the defendant, until it was finally abated by the death of the plaintiff, at the September term, 1868, that the consideration for the note has wholly failed.   But the case finds that the matter in controversy in the suit in favor of Chaplin and against John H. Horton was settled by the payment of five dollars, and the giving of the note in question, and that suit was to be discontinued.   The agreement to discontinue the suit formed a part of the consideration for the note, and the settlement of the subject matter in controversy in that suit formed the other part.

The cause of action in that suit was merged in the settlement, and the defendant could have availed himself of that settlement in defense of that suit or any other that Chaplin might have brought for the same cause of action.   In order to justify the ruling of the court it must have appeared that there had been a total failure of the consideration for the note, for the rule is well settled in this State that a partial failure of consideration cannot be set up as a defense to a note.   *Williams* v. *Hicks,* 2 Vt., 36 ; *Walker* v. *Smith et. als.,* 2 Vt., 539 ; *Stone* v. *Peake,* 16 Vt., 213 ; *Cragin* v. *Folwer & Corbin,* 34 Vt., 326 ; *Clough* v. *Patrick,* 37 Vt., 471.

The statute of November 21st, 1867, has changed the common, law so far as to permit such a defense to be made when the suit is between the original parties to the note, but it does not extend the right beyond such parties.

It is evident from the case as stated, that the failure to perform

the agreement to discontinue the suit only amounted to a partial failure of the consideration for which the note was given, and hence the ruling of the court that the consideration for which the note was given had failed, and directing a verdict for the defendant, was erroneous.

Judgment reversed, and cause remanded.