THOMAS A. GODWIN, PLAINTIFF AND RESPONDENT, VS. HAMILTON G. BRYAN, DEFENDANT AND APPELLANT.

1. The Appellate Court will not review the rulings or the charge of the Court upon a trial by jury, unless exceptions were duly taken before the rendition of the verdict.

2. Exceptions to the decision of the Court upon a motion for a new trial, are of no avail so far as they relate to rulings of the Judge upon the trial of a cause, if such rulings were not excepted to during the trial. This rule prevails as well in cases which arose under the Code as under the former and the present practice in this State.

3. A new trial should not be granted upon proof of declarations made by a juror relating to the deliberations of the jury.

Appeal from the Circuit Court for Jackson county.

This was an action upon a promissory note dated in March, 1862, payable in twelve months, for $1,409.40 and interest. The suit was brought in 1872 under the "Code of procedure."

Defendant (appellant) answered that the note was payable in Confederate States Treasury Notes, these having been the prevailing currency at its date; and that in January, 1864, plaintiff agreed to receive the principal and interest

then due from defendant in that currency, and that con-
fiding in such agreement, defendant collected from one
Speight, upon a note he held against Speight, an amount of
such notes sufficient to pay the principal and interest due
plaintiff on the note in suit; but plaintiff then refused to
receive the same, although it was duly offered and tendered
to him without delay; and defendant avers that he would
not have collected the Confederate notes from Speight but
for the plaintiff's promise to receive it in payment; that at
the close of the war the notes became valueless, Speight
died, and defendant suffered a total loss of the amount,
which loss was caused by plaintiff's agreement and refusal
to receive such notes in payment.

Plaintiff replied, denying the allegations of the answer.
The cause was tried before a jury, who rendered a verdict in
favor of the plaintiff for the amount of the note and unpaid
interest, upon which judgment was entered.

After verdict, appellant moved for a new trial on the
grounds of excessive damages; that the verdict was against
law and the evidence, against the charge of the court,
against the weight of evidence; and "that the court erred
in charging that the defendant was not entitled to claim
what was lost by him in consequence of the refusal of the
plaintiff to receive Confederate States notes, obtained by
him from Speight on his note, under the alleged agreement
between them." Appellant afterwards added, as another
ground of the motion, that one of the jurors who tried the
cause was biased, and the affidavit of one Alford was offered
to sustain this ground of the motion, in which Alford states
that "Belser, one of the jurors who tried the case, told him
after the verdict that he knew nothing about the case, but
found for plaintiff, Godwin."

The circuit judge denied the motion, to which appellant
excepted, and now appeals from the judgment.

The appellant assigns errors as follows: first, the court

erred in not granting the defendant a new trial; second, third and fourth, that the court erred in charging the jury certain matters (quoting from the charge of the court) which are alleged to be erroneous and tending to mislead the jury.

*J. F. McClellan* for Appellant.

*D. L. McKinnon* for Respondent.

THE CHIEF JUSTICE delivered the opinion of the court.

With respect to the errors assigned as to the charge of the court to the jury, we find that no exception whatever was taken to any portion of it until after the verdict was rendered the jury discharged. The earliest suggestion that the appellant was not content with the charge as delivered to the jury is found in the motion for a new trial. This is not sufficient. If any matter contained in the instructions given by the judge to the jury be not satisfactory to the parties, or if they deem them erroneous, they should, at the time and before the jury leave the bar, call the attention of the court to the point, so that the judge may have the opportunity to correct the error, and that an exception to the ruling may be noted in the judge's minutes. If a party tacitly consent to the giving of the instruction by failing to except, he cannot afterwards take advantage of a supposed error in the judge's charge. There is no conflict of authority on this subject.

In order to have a review by this court (the court of appeals) of a determination of the Supreme or Superior Court, upon a motion for a new trial, after a trial by jury, there must be a bill of *exceptions taken at the trial* in the court below. Livingston vs. Radcliff, 2 Comstock (N. Y.), 189.

The exception to the determination of the Superior Court upon a motion for a new trial amounts to nothing as author-

ity for this court to review such determination. Onon. Co. Mut. Ins. Co. vs. Minard, 2 Comst., 98.

Exceptions cannot be sustained unless the instructions complained of were excepted to while the jury were at the bar. It is too late to except after verdict. Phelps vs. Mayer, 15 How., 160; State vs. Clark, 37 Vt., 471; Nabenbausch vs. Shaver, 2 W. Va., 285; Mattingly vs. Moranville, 11 Mo., 604; McKell vs. Wright, 4 Iowa, 504; Anderson vs. Hill, 12 Sm. and Mar., 679; McAdams vs. Stillwell, 13 Pa. St., 90.

The case at bar was commenced under the Code of Procedure, but the rule under the Code is still the same upon this point. The section of the Code authorizing exceptions to be filed within ten days after judgment refers to trials before the court without a jury. This, however, does not authorize exceptions to be taken after judgment to matters arising during the trial, and where there is an opportunity to except at the time the adverse decision is made. Hunt vs. Bloomer, 13 N. Y., 341; Bogue vs. McDonald, 14 Fla., 66.

By section 210 of the late Code in this State, the former rule, as to exceptions upon a trial by a jury, was preserved. "If an exception be taken it may be reduced to writing at the time, or entered in the judge's minutes, and afterwards settled as provided by the rules of the court. * * * The judge who tries the cause may, in his discretion, entertain a motion, to be made on his minutes, to set aside a verdict and grant a new trial *upon exceptions*," &c.

It seems, therefore, to be entirely settled, that upon appeal there exists no right to review the rulings of the judge or the charge or instructions to the jury, if no exceptions were taken, and the aggrieved party made no objection where he had the opportunity to do so. This disposes of the present case so far as relates to the judge's charge.

It is urged by the first assignment of error that "the court erred in not granting a new trial," referring, of course, to the grounds of the motion therefor.

In examining the testimony upon the trial, as given in the record, we do not find that the damages are excessive. It was claimed in the motion for a new trial that the note in suit was payable in Confederate notes, and that the verdict was for the amount due upon the note in United States currency. The evidence shows that the consideration of the note was a sale of property made before the late war in the States, the present note having been substituted for and in place of a prior note. There was no conflict of testimony as to this fact. Neither do we find that the verdict was against the law and the evidence, or the weight of evidence, nor against the charge of the court.

There was an allegation in the defendant's answer that the plaintiff agreed to take Confederate States notes in payment of the promissory note, and that, though the Confederate notes were tendered soon afterwards, plaintiff refused to take them in satisfaction of his note. The defendant swears to the facts as stated in his answer, and the plaintiff contradicts him as to the agreement. If the answer sets up a defence in form and substance, there was merely a question of veracity between the parties, which was properly submitted to the jury and decided by them. If the answer does not set up a valid defence, the issue was not material. We can only leave this matter where the jury have placed it.

A further ground of the motion for a new trial was that one of the jurors had said to an affiant that he "knew nothing about the case, but found for plaintiff Godwin." There was no other evidence of improper conduct by the juror. He was not shown to have acted improperly or corruptly, and we cannot regard the remark said to have been made by him as necessarily implying that he had acted corruptly. No importance should be attached to remarks made by men who have served on juries when replying to questions of inquiry into the private deliberations of the jury. Whether this juror intended to say that he had forgotten the testi-

mony, or that he did not understand it, or that he corruptly ignored it, or merely to give his questioner to understand that the verdict was not a subject of further discussion, is not very clear. The presumption, therefore, is in favor of the probity of the juror.

The prevailing rule of law is that the affidavits of jurors, as to their conduct and deliberations in the jury room, are not received for the purpose of impeaching their verdict. Vaise vs. Delaval, 1 T. R., 11; Owen vs. Warburton, 1 N. R., 326; Straker vs. Graham, 4 Mee. and W., 721; Dana vs. Tucker, 4 Johns. R., 487; 4 Binney, 150; 3 Marshall, 394; 2 Halst., 46. And the court will not, on a motion for a new trial, receive the affidavit of a party, or his attorney, or third persons, as to *what was said* after the trial by jurors in regard to their conduct, or the manner of arriving at their verdict. Harding vs. Hewitt, 8 Dowl. P. C., 598; Straker vs. Graham, 4 Mee. and W., 721; 7 Dowl. P. C., 721; Aylett vs. Jewel, 2 W. Black., 1299; Clark vs. Stevenson, 2 W. Black., 803; Smith vs. Cheetham, 3 Cai. R., 57, per Kent, C. J.

The court, therefore, committed no error in overruling the motion for a new trial. The judgment must be affirmed with costs.