## J. W. RUSSELL *v.* C. A. ROOD.

January Term, 1900.

Present : TAFT, C. J., TYLER, MUNSON, START, THOMPSON and WATSON, JJ.

Opinion filed April 24, 1900.

*Note—Partial failure of consideration—V. S. 1152—Who are original*
*parties—*In an action on a note evidence to show a partial failure of
consideration is not admissible under V. S. 1152, unless the action is
between the original parties to the note as shown by the note itself.

ASSUMPSIT on a promissory note. The defendant pleaded
the general issue, and gave notice of special matter of defence.
Trial by jury, Chittenden County, September Term, 1899,
*Rowell*, J., presiding. Verdict directed for the plaintiff. Judg-
ment on verdict. The defendant excepted.

The note in suit was for $22.50, signed by the defendant
and payable to the order of the International Seed Company.
It was conceded by the plaintiff that it was endorsed to him after
maturity, without value, and solely for the purpose of collection.

The note was given in the purchase of ten bushels of oats,
and a contract of even date therewith, which, it was agreed,
showed the consideration therefor, was introduced in evidence
by the plaintiff together with the note.

The defendant's notice of special matter in defence set up a
total failure of consideration in that the oats delivered were en-
tirely worthless for the purpose for which they were bought,
which was to use them for seed to obtain oats of an improved
kind.

The notice also set up a partial failure of consideration,
which the defendant claimed the right to show under V. S.
1152, on the ground that the real plaintiff in interest was the In-
ternational Seed Company, the original payee.

The defendant offered evidence to show that the transaction
of buying the oats and giving said note therefor was had with

an agent of said company who represented to him at the time that the oats called for by the contract were an improved and a superior kind, would weigh more to the bushel than the oats that the defendant had been raising, would yield more to the acre, would yield sixty bushels to the acre, and would not rust like common oats; that said agent then showed the defendant a sample; that as a result of said representations, and relying thereon, and not otherwise, the defendant executed said contract and gave said note.

The defendant further offered to show that when the oats came, he thought they were not up to the sample and not like the sample, but was in doubt about it, and that he conferred about the matter with a Mr. White, whom he supposed to be acting for said company, and that the next spring, acting in good faith, he sowed eight bushels of the oats, to see what they would turn out to be, and that they proved to be nothing but common American oats, and would not and did not produce as represented, that they rusted, and were light in weight; that they were not the kind of oats called for by the contract, nor so valuable in any respect, and were not worth over forty cents per bushel, and that the whole ten bushels were not worth over $4.00.

The defendant claimed from what he offered to show that the representations of said agent in regard to the oats were fraudulent as well as false, but he admitted that he never had offered to rescind, and had never notified said Company that the oats were not satisfactory.

The defendant did not claim an entire failure of consideration in the sense that the oats delivered to him were not worth anything for any purpose, but only in the sense that they were worth nothing to him for the purpose for which he bought them.

The defendant further offered to show that he intended to keep the two bushels of oats that he did not sow, and put them away for that purpose; but that soon after sowing the others, at a time when he was sick, his hired men used them up or disposed of them in some way without his knowledge or consent or fault.

The evidence offered by the defendant was excluded.

*D. J. Foster* and *J. T. Stearns* for the plaintiff.

*Henry Ballard* and *H. F. Wolcott* for the defendant.

START, J.   The action not being between the original parties to the note, the evidence offered by the defendant was properly excluded.   The defendant did not offer to rescind the contract, and the evidence would only tend to show a breach of the contract and a partial failure of consideration; therefore, the offer was not within the provision of V. S. 1152, which provides that, in actions between the original parties to a note, the defendant may show partial failure of consideration.   This statute only applies to actions between the maker and payee of the note as shown by the note itself.   *Hoyt* v. *McNally*, 66 Vt. 38; *Burgess* v. *Nash*, 66 Vt. 44; *Thrall* v. *Horton*, 44 Vt. 386.

*Judgment affirmed.*

*Taft*, C. J., and *Watson*, J., dissent.