## Josiah Burton v. John F. Schermerhorn.

In an action upon a promissory note the defendant cannot avail himself of a partial failure of the consideration, as a defence, if there have been no offer upon his part to rescind the contract.

Assumpsit upon a promissory note for two hundred dollars, dated September 8, 1846, executed by the defendant, and made payable to the order of John Crarey, in four months from date, and by said Crarey indorsed to the plaintiff. Plea, the general issue, and trial by jury, June Term, 1848,—Davis, J., presiding.

On trial, the execution and indorsement of the note being conceded, the defendant offered to prove, that on the eighth day of January, 1846, the defendant entered into a contract in writing with one Shepherd, by which Shepherd undertook to deliver to the defendant, one thousand hemlock logs, of specified dimensions, and of good merchantable timber, to be floated down the Battenkill river to the defendant's mill, and to be measured by a person specified; that on the day of the date of the note in suit, Shepherd presented to the defendant a bill of logs, to the number of one thousand and six, a part of which had then arrived within the boom of the defendant's mill, and represented to the defendant, that the remainder of the logs were on their passage down the river, and would soon be within the boom, and that all the logs had been counted and measured according to the terms of the contract, and requested the defendant to execute two notes for the amount,—one payable to the order of

37

John Crarey, for $200, and the other payable to one Sherman, for the balance; that the defendant, believing the representations of Shepherd to be true, executed and delivered to him the note in suit, and a note to Sherman for the balance of the price of the logs; that the logs, in the position in which they then were, could not be counted, or measured, without much inconvenience, expense and risk of life; that when all the logs arrived within the boom of the defendant's mill, they numbered only seven hundred and ninety seven, and that among them were about two hundred logs, which had been rejected by other purchasers, as of little or no value, and which Shepherd had purchased at less than half price; that while the logs were floating down the river, Shepherd sold from them about fifty logs to one Russell, permitting Russell to select from the whole lot, at an extra price; that the logs had not in fact been measured, or examined, by the person, who, by the terms of the written contract, was to measure them, and that, when they were examined and measured by the defendant, they were found, upon an average, to be less in diameter, than the size stipulated, by about two and a half inches, and a large number of them were found to be knotty, rotten, and so far decayed, as to be of little value,—all which was known to Shepherd, at the time he received the notes; that both the notes remained in Shepherd's hands, until they were overdue, when he procured Crarey's indorsement upon the note in suit and caused this suit to be instituted, and was prosecuting it, for his own benefit; and that Shepherd was insolvent, before the notes became due, and continued so to the time of trial. It was admitted, that the defendant had appropriated the seven hundred and ninety seven logs to his own use.

To the admission of this testimony the plaintiff objected; and it was excluded by the court. Verdict for plaintiff. Exceptions by defendant.

*Sargeant & Fowler*, for defendant, cited 1 Sw. Dig. 308; Story on Pr. Notes, sec. 187, 188–190; Chit. on Wills 97; *Ketchum v. Foot*, 15 Vt. 258; *Solomon v. Turner*, 2 E. C. L. 291.

*Miner & Burton*, for plaintiff, cited 1 Ad. & E. 40; *Burton v. Stuart*, 3 Wend. 236; *Walker v. Smith et al.*, 2 Vt. 539; *Thorn-*

Burton *v.* Schermerhorn.

*ton* v. *Wynn,* 12 Wheat. 183, [6 U. S. Cond. R. 508;] Sedgw. on Dama. 477–481; *Williams* v. *Hicks,* 2 Vt. 39; *Spalding* v. *Vandercook,* 2 Wend. 431; 12 Wend. 246; *Harrington* v. *Stratton,* 22 Pick. 510.

The opinion of the court was delivered by

KELLOGG, J. The court below, having decided, that the evidence offered by the defendant did not amount to a defence to the suit, rejected the same; and the question presented for the consideration of this court is, whether there was error in that decision. That the testimony offered and excluded, did not tend to prove a *total failure* of the consideration, upon which the note was founded, is quite apparent, upon examination of the case, and was so conceded at the argument; nor does the case disclose any evidence of a rescission of the contract. That the evidence tended to show a *partial failure* of consideration is admitted; and the question arises, was the defendant entitled to avail himself of this, as a defence to the suit, for the purpose of reducing the damages? We think he was not.

We are aware, that there is some conflict of authority in the neighboring states upon this question. But in this state it has been uniformly held, that a partial failure of consideration cannot be set up as a defence to a suit upon the contract. In *Stone* v. *Peake,* 16 Vt., it was held, that, in a suit upon a note, when there has not been an *entire failure* of consideration, and no offer made by the defendant to rescind the contract, he cannot set up as a defence, that there was fraud in the contract, on which the note was given,—especially when the damages are unliquidated. That case appears to be analogous to and entirely decisive of the case at bar. Had there been an *entire failure* of consideration, or a *partial* failure, with an offer to rescind the contract, the defendant, by establishing such facts, might successfully defend against the note. But no such case is made by the bill of exceptions.

There was no error in the proceedings of the county court and their judgment is affirmed.

BENNETT, J., being related to one of the parties, did not sit upon the trial of the case.