GEORGE P. HASSAM AND NAOMI HASSAM v. ISAAC DOMPIER.

*Promissory note. Partial failure of consideration.*

It is no defense to an action on a promissory note that its consideration, *in part*, was
a piece of land conveyed to the maker, by the payee, by a warranty deed; and that
the land was incumbered by a mortgage which the grantee has since paid.

ASSUMPSIT on a promissory note. Plea, the general issue; and
pleas in offset in assumpsit, and for covenant broken. Repli-
cation, non-assumpsit to the plea in offset of assumpsit; and two
special replications to the plea in offset of covenant broken,—to
which the defendant demurred. The demurrers were overruled by
the county court, and the replications adjudged sufficient, at the
September Term, 1855.—POLAND, J. presiding;—and at the same
term the issues of fact were, by agreement, tried by the court.

The plaintiff produced the note declared on, and its execution
was admitted. The defendant then offered to prove that the note
in question was given by the defendant, in part, for the purchase of
a piece of real estate belonging to the said Naomi, which was con-
veyed by warranty deed by said plaintiffs to said defendant, on
the        day of              A. D.,       ; and that there was, at
that time, a mortgage outstanding on said premises, executed by the
said George P., to one White, which the defendant, since the taking
of said conveyance and execution of said notes, had paid off. This
evidence was objected to by the plaintiffs, and excluded by the court,
to which decision the defendant excepted. The defendant also
took exceptions to the decision of the court, overruling his demurrers,
but not insisting upon them in the supreme court, it becomes
unnecessary to set forth either the plea, or the replications.

*F. V. Randall* for the defendant.

*H. Carpenter* for the plaintiffs.

The opinion of the court was delivered by·
BENNETT, J. The defendant has made no point, as to the
decision of the court, upon the demurrers to the plaintiff's pleas to
the defendant's declaration in offset for covenant broken; and we
shall treat that as waived,

On the trial, the court excluded the evidence offered for the purpose of showing a partial failure of consideration for the note ; and the offer was, to show that the note was given, *in part*, for the purchase of a piece of land, which was conveyed to the defendant by a deed of warranty, and that there was an outstanding mortgage upon it, at the time, which the defendant has since paid off. We are to take the decision as made upon the offer of the defendant. The offer is not to show a recission of the contract, for the defendant still retains the land conveyed him, and the covenants in his deed ; and the failure of consideration, at most, can only be claimed to be partial. It is not necessary to inquire what would be our decision, in a case where there had been an entire failure of consideration by an eviction, by an elder and better title. It might, in such a case, well be inquired whether the party should not be remitted to his remedy on the covenants in his deed to insure the title, though the cases on this point are not in unison ; but this is a case where the land itself only constituted a part of the consideration for the note, and for what part does not appear in the case ; and the failure of title has been only partial. The equity of redemption was in the plaintiffs, and that was fully conveyed.

It is well settled, in this state, that, in an action upon a note, evidence to show a fraud, which partially affects the consideration of the note only, is not admissible to reduce the damages. *Stone* v. *Peake*, 16 Vt. 218. *Burton* v. *Schermerhorn*, 21 Vt. 289. The sum which the defendant could claim should be deducted, in this case, is matter of liquidation, and not of computation. It does not appear from the offer of the defendant, that any distinct and seperate valuation was put upon the land, as making up a part of the consideration for the note, ; and the value of the equity of redemption, which was conveyed, was a matter of liquidation from the testimony of witnesses.

In the present case, there is no ingredient of fraud. The defendant is chargeable with constructive notice of the incumberance, and there has been no eviction. It does not appear from the offer, that the mortgagee took any measures to enforce the collection of his debt. In such a case as this, we are all clear that the offer of proof, as made, was properly overruled. The case of *Greenleaf* v. *Cook*, 2 *Wheaton* 13, is in point. See also *Lloyd* v. *Jewell*,

4

1 Greenleaf, 352; 3 Fairfield, 127; 2 Kent's Com. Sec. 39, part 5, page 471, 472, and cases there cited. *Barkhamsted* v. *Case 5*, Conn. 528.

Judgment affirmed.