## L. F. RICHARDSON v. JOHN B. SANBORN.

*Promissory Note. Partial failure of consideration. Supreme Court. Evidence.*

Partial failure of the consideration of a promissory note, the amount of such failure being unliquidated and subject to the estimation of the jury, cannot be shown for the purpose of reducing the amount of the recovery in an action upon the note.

The Supreme Court will not examine evidence offered in the court below and rejected, with a view to determine its admissibility for any purpose other than that insisted upon in that court.

ASSUMPSIT on a promissory note for fifty-five dollars, dated June 8th, 1857, made by the defendant and payable to J. J. Richardson or bearer on demand. Plea, the general issue, and trial by jury at the June Term, 1859, BARRETT, J., presiding.

The plaintiff gave in evidence the note declared on and rested his case. The defendant then offered to prove in substance that the note was given by him to the payee on a trade between them of a colt of the defendant for a mare of the payee ; that at the time of the trade the payee warranted the mare sound ; that she proved to be unsound, and the defendant thereupon tendered her back to the payee and demanded the colt and this note which he had given in exchange for the mare ; that the payee refused to surrender them, and the defendant then told the payee that he should not pay the note ; that the note was sometime after its date passed to the plaintiff, the payee's brother, as collateral security for what the payee was owing him for the purchase money of the same mare.

Under the decision of the court it is unnecessary to set forth the details of the evidence so offered.

The defendant claimed that, by reason of the fraud and false warranty of the payee of the note, as offered to be shown, there had been a partial failure of the consideration of the note, which should go in reduction of the amount to be recovered thereon, the extent of such reduction to be ascertained and estimated by the jury upon the evidence.

The plaintiff objected to the admission of the foregoing evi-

Richardson *v.* Sanborn.

dence, it was excluded by the court, and the defendant excepted. Verdict for the plaintiff for the amount of the note.

*B. Martin*, for the defendant.

*A. M. Dickey*, for the plaintiff.

REDFIELD, Ch. J. The only question reserved in the present case is whether the testimony offered by the defendant, at the trial, should have been received, as tending to establish a good defence to the action. We must, in determining this question take the testimony as it was offered and claimed, at the trial, provided it has any legal tendency to establish the facts claimed. We could not give the excepting party the benefit of a supposable construction of the testimony, which he did not claim in the court below, for the reason, that if he had presented that question, or view, at the trial, the objection might not have been insisted upon, or if so, the testimony might not have been rejected by the court.

The defence is stated by the exceptions to be an offer to show a partial failure of the consideration of the note, by reason of the fraud and false warranty of the horse, " which should go in reduction of the amount to be recovered on said note, the extent of such reduction to be ascertained and estimated by the jury, upon the evidence."

It has been too often decided, in this court, that the partial failure of the consideration of a promissory note, being merely unliquidated, and subject to the estimation of a jury, cannot be received to reduce the amount of the recovery, to be now brought in question. *Burton* v. *Schemerhorn*, 21 Vt. 289. The point has been often ruled the same way in other cases.

It is useless to speculate, in regard to any other questions, which might, or might not, arise upon the evidence, as we can only revise such questions as were there raised and decided, and the case stated expressly that this was the only one.

Judgment affirmed.