Harrington *v.* Lee.

## A. M. HARRINGTON *v.* ELIAS LEE.

*Promissory Note.    Consideration.    Fraud.*

To entitle the maker of a promissory note in a suit against him by the payee to an abatement from its amount in assessing damages, on the ground of misrepresentation by the payee in relation to the property for which the note was given, and a consequent want of consideration as to part of the note, three things must concur, viz: fraud upon him in procuring the note for the sum named in it, an offer by him to rescind the contract under which the note was given, and an ability by *computation* to fix the amount to be deducted.

If the maker of the note insists upon holding the property for the purchase of which the note was given, this operates as an affirmance of the contract of purchase in all its particulars and disentitles him to question either the validity or amount of the note.

ASSUMPSIT on a promissory note made by the defendant and payable to the plaintiff.    Plea, the general issue, and trial by jury at the December Term, 1859,—POLAND, J., presiding.

The plaintiff introduced his note in evidence and rested his case.

The defendant then gave evidence tending to show, in substance, that the note in question was given on the purchase of a printing establishment from the plaintiff ; that the agreement between them on the purchase was that the defendant should have the property at twenty per cent. off the cost ; that the plaintiff said to him that he might look over the bills of purchase of the property, or take it at eight hundred dollars, and represented to him that he (the plaintiff) had looked the bills over, and that, according to them, the price would amount to more than that sum ; that the defendant thereupon said that he had better take it at eight hundred dollars, which he accordingly did, and signed the note ; but that in fact the bills, as he afterwards learned, amounted to only about half what the plaintiff represented.

On cross-examination, the defendant testified that he never offered to return the property to the plaintiff.

The Court decided that the defendant's testimony, if believed, constituted no defence to the suit, and directed a verdict for the plaintiff.

To this ruling the defendant excepted.

*B. N. Davis*, for the defendant.

*Stoddard & Clark*, for the plaintiff.

BARRETT, J.   The note in suit was given by the defendant upon the purchase of a printing establishment at an agreed price.

It is claimed in defence, that, by the terms of the trade, the defendant was to have the property for its costs, twenty per cent. off; that the plaintiff represented that, upon those terms, the price would amount to more than eight hundred dollars, (that sum being the price agreed upon, and for which the note was given ;) that in fact the property cost much less than the plaintiff represented ; and that the defendant is entitled to show the true cost of the property, and have a corresponding deduction made in assessing the damages upon the note.

In order to dispose of the case upon the ground assumed by the defendant's counsel in the argument, it will not be necessary to review the decisions, or pursue a wide range of discussion.

He declines to claim that the plaintiff practiced any fraud upon the defendant, in negotiating the trade, and not only declines to claim any repudiation or rescision of the trade, but he insists on regarding it as good, and on holding the property under the purchase.

It seems to be settled by the decided cases, that three things must concur in order to entitle the defendant, in a suit like this, to have an abatement from the sum for which the note was given, in assessing damages, viz : fraud upon the defendant in procuring the note for the sum named, an offer by the defendant to rescind, and ability by *computation* to fix the amount to be deducted.

This is established by a course of decisions in this State, commencing with *Walker* v. *Smith et. al.*, 2 Vt., 539.   The English cases are to the same effect, as are those also of most of the American States.

It is clear that the case, upon the ground assumed for the defence, lacks two of the requisite elements, viz : fraud, and an offer to rescind ; and this renders it unimportant to determine whether the diminution claimed could be ascertained by certain computation.

Harrington *v.* Lee.

But there is a view in which the case stands on unquestionable ground. The defendant insists upon holding the property under the purchase, in consummation of which the note in suit was given. This operates as an affirmance of the contract in all its particulars, as well its final consummation as its preliminaries and terms, and disentitles the defendant to question either the validity or the amount of the note.

The judgment of the county court is affirmed.