## DAVID KELLY *v.* LORENZO D. PEMBER.

*Fraudulent Representations.　Fraud.　Promissory Note.　Husband and Wife.　Damages.*

In an action for the price of land sold, the purchaser may set up in defence the fact that the vendor defrauded him by false representations as to the boundaries of the land.

If the vendor of property takes the purchaser's note for the price payable to the vendor's wife, and no portion of the consideration moves from the wife, the note will be subject to the same defences in respect to the vendor's fraud in the sale, as if the note had been made payable to the vendor himself.

An offer to rescind a fraudulent sale is not necessary to entitle the purchaser to maintain an action to recover damages for the fraud, or to defend an action for the price to the extent of the amount of such damages.

Even when a negotiable promissory note is given for the price of property thus fraudulently sold, and the note remains in the hands of the vendor, the purchaser may, without any offer to rescind, interpose the fact of the fraud in defence to an action on the note, provided the damages occasioned by the fraud are not less than the amount of the note.

*Quere,* whether he has not the same right of defence to the extent of his damages, when they are *less* than the amount of the note? PECK, J.

W. and the plaintiff being tenants in common of certain land, the latter requested W. to sell it. W. sold it to the defendant, but the sale was induced by false representations by W. as to the boundaries, of which false representations, however, the plaintiff was ignorant. The defendant supposed W. to be the sole owner, and executed his two promissory notes for part of the price, payable to W.'s wife or bearer, and paid W. the balance of the price in money. The plaintiff afterwards conveyed his interest in the land to W. and received from him one-half of the money and one of the notes received from the defendant. *Held,* in an action upon this note, that the plaintiff was not so far a *bona fide* holder as to prevent the defendant from interposing in defence to the action the damages occasioned him by W.'s false representations, such damages being greater than the amount of the note.

ASSUMPSIT. The facts in the case sufficiently appear in the opinion of the court. The cause was tried by the court at the September Term, 1861, KELLOGG, J., presiding. The county court decided that the plaintiff was entitled to recover the amount of the note in suit, and rendered judgment accordingly, to which the defendant excepted.

*D. E. Nicholson,* for the defendant.

*R. R. Thrall,* for the plaintiff.

PECK, J.   The action is upon a promissory note dated June 2nd, 1852, payable to Emily E. Walker, for $125.   The defence relied on is that the note was given as part of the purchase price of a lot of timber land purchased by and conveyed to the defendant at the date of the note, and that a fraud was committed by the seller upon the defendant in the sale, and that the damages resulting from the fraud exceed the amount of the note, and exceed even the whole purchase price of the land.   The facts found by the county court fully sustain the defence, in point of fact, and the question presented for the decision of this court is whether in point of law such defence is available to the defendant in this action.   It is found by the case that the land was conveyed to the defendant by deed describing the land by the number of the lot and name of the original proprietor, and at the time of the purchase George G. Walker, who made the sale, knowingly defrauded the defendant by deceiving him by false representations as to the lines and corners which he showed him as indicating the location and boundaries of the lot; the land shown to the defendant as the lot in question being much more valuable than the lot actually conveyed.   It was decided in *Harlow* v. *Green,* 34 Vt. 379, that an action can be sustained for fraudulent representations by the seller as to the boundaries of land conveyed by deed, whereby the purchaser is deceived to his prejudice.   There can be no doubt that the same principle applies where such fraud is set up as a defence to an action for the price.   Substantially the same principle applies as is applicable in case of fraud set up in defence of an action for the price of other property sold.   It is claimed by the plaintiff's counsel that the facts in this case do not allow the defendant to interpose such defence to the note in suit.   It appears that George G. Walker and the plaintiff owned the land in common, each having an equal interest; that the plaintiff requested Walker to sell it, and Walker did sell it to the defendant June 2nd, 1852, executed his deed to the defendant, and received of him therefor $50 in

cash and two notes for $125 each, payable to his wife, Emily E. Walker, or bearer, the defendant not knowing that the plaintiff had any title or interest in the land. After this Walker paid over to the plaintiff one-half of the $50, and delivered to him one of the notes, the note in suit, and at the same time the plaintiff executed a deed of his undivided half of the land to Walker, of all which the plaintiff notified the defendant before the commencement of this suit. The defendant afterwards paid to Walker the note that Walker retained, and paid the plaintiff $15 on this note in suit. Up to this time the defendant was ignorant of the fraud in the sale. The fact that the note is payable to Walker's wife is immaterial, as no consideration moved from her. The rights of the parties are the same as if the note had been payable to Walker, who made the sale. Walker in fact, and not the plaintiff, committed the fraud; and Walker became insolvent and left the country before the defendant discovered the fraud. The plaintiff had no knowledge of the fraud till he was informed of it by the defendant after the plaintiff had received the note in suit of Walker, as above stated.

1. Could the defendant avail himself of the fraud as a defence, if the suit were brought by Walker in his own name and for his sole benefit. It is claimed by the plaintiff's counsel that he could not, without first offering to rescind the contract. An offer to rescind the contract is not necessary in order to entitle the purchaser to maintain an action for damages for the fraud. It is necessary where he seeks to recover back the consideration paid; then he must offer to return what he has received, and rescind the contract. The same rule applies if the party seeks by way of defence to avoid the whole contract on the ground of fraud where his damages occasioned by the fraud are less than the plaintiff would otherwise be entitled to recover. But no offer to rescind is necessary to entitle the party defrauded to maintain an action for damages for the fraud, nor to entitle him to defend to the extent that he has suffered by the fraud, that is, to the extent that he would be entitled to recover in an action for damages founded on the fraud. The question may as well be tried in an action for the price, and the rights of the parties be settled in one suit, as to allow the plaintiff to recover the whole

stipulated price, and then permit the other party to recover back the whole or a part in an action for the fraud. It is the policy of the law to avoid a multiplicity of suits.

But it is claimed that, as the defendant has given a negotiable promissory note, a different rule applies, and that the defendant is bound to pay the note and seek his remedy by action for damages, and that a partial failure of consideration, or partial damages of this character, is no defence to a promissory note where there has been no offer to rescind the contract. There are some authorities to the effect that where the failure of consideration or damages sought to be deducted are partial, and of an uncertain character and to be assessed by the jury, and not mere matter of computation, such partial defence can not be received in an action on a promissory note ; and perhaps the cases in this state countenance or sustain that proposition. But I never could see why such defence ought not to be allowed in actions on notes and bills of exchange as well as in other actions, except where the suit on such paper is by an innocent holder for value. If there is such a rule there ought not to be; it is sustained by no principle of policy, convenience or justice. While a promissory note remains in the hands of the original contracting parties there is no sound reason why it should receive any more protection or immunity in this respect than any other contract. But it is unnecessary to decide this question, because in this case the facts do not bring the case within that rule, if the law is as the plaintiff claims. *First*, the damages in this case are not partial, but entire, going not only to the full amount of the note, but to the full amount of the contract price of the land. *Secondly*, the facts found by the county court show that the defendant did offer to rescind the contract before the suit was commenced.

2. It is also claimed by the plaintiff's counsel that as against this plaintiff the defence can not prevail, because the plaintiff was not a party to the fraud, had no knowledge of it, and therefore is not affected by it. But the answer to this objection is, that he was substantially a party to the contract, had a joint interest with Walker in it, and is seeking to enforce it and take the benefit of it. Walker must be regarded as his agent both by reason of their joint ownership of the land, and by his having

Kelly *v.* Pember.

requested Walker to sell it. Whether an action for the fraud could be maintained against the plaintiff it is not necessary to decide, but it is well settled that in such case where the plaintiff seeks to enforce the contract, he takes it *cum onere,* and is affected by the fraud as a defence to the same extent as if he had been actually privy to it in its inception.

It is further claimed that the plaintiff is to be regarded as a *bona fide* holder of the note for a valuable consideration without notice. If so, the county court was right in holding that the defence relied on by the plaintiff could not prevail. The plaintiff took the note without notice and while current, but he did not take it for value in the sense of the commercial rule. The deed which the plaintiff executed to Walker of his undivided half of the land that Walker had at his request sold to the defendant, was only a mode of carrying out the contract with the defendant and investing the defendant with the title, which it was the plaintiff's duty to do, either by executing a deed to the defendant or a deed to Walker, which would enure to the defendant's benefit. The taking of one-half the $50 and this note of Walker was only an equal division of the avails of the sale, according to their respective interests, and in no sense was it a purchase of the note for value. We should regret very much if the law compelled us to decide that upon the facts in this case the plaintiff was entitled to recover this note, but we feel under no such embarrassment, for the result to which we have arrived not only accords with our sense of the justice of the case, but in our opinion it is in harmony with well settled principles of law.

The judgment of the county court is reversed, and as the trial was by the court, and the facts fully stated in the exceptions, such judgment is here to be rendered as the county court ought to have rendered.

Judgment reversed and judgment for the defendant.