## AMASA BRIGGS v. JOHN H. BOYD.

*Promissory Note. Principal and Surety. Pleading. Costs.*

It is no defence for a surety upon a note that the principal got it discounted by a different party from the one agreed upon with the surety.

The plaintiff and defendant signed the note in question as sureties with the principal, R., payable to H., or order, and knowing that H. was only to indorse it, not to sign it with them. *Held,* that H. was not subject to contribution as a surety.

If a surety has no notice of a suit against a co-surety, he is not bound by the judgment; and may therefore show in a suit against himself by the co-surety for contribution, any legal defence which he might have pleaded in bar of a suit upon the note.

But he cannot set up a partial falure of consideration, not subject to computation, between the original parties as a defence *pro tanto.*

A surety may recover in a suit against a co-surety for contribution a proportionate share of the taxable costs which he had to pay in the suit upon the note against himself, both being equally in fault in not paying the note.

ASSUMPSIT for money had and received, money lent and advanced, money paid, and on an account stated. Pleas, the general issue, and the statute of limitations. Replication, traversing the latter plea. Trial by the court, by the consent of the parties, March Term, 1864, KELLOGG, J., presiding.

On trial, the plaintiff introduced and read as evidence a certain promissory note for seven hundred dollars, dated at Whitehall, New York, on the 28th January, 1852, and jointly and severally executed and made payable to the order of A. W. Hyde, at the Bank of Orwell, in this state, in three months from date, and signed by D. M. Resseguie, J. H. Boyd, (the defendant,) and Amasa Briggs, (the plaintiff,) and indorsed by the said A. W. Hyde, No question was made in respect to the genuineness of the said signatures and indorsement. The following facts appeared on the trial, viz: At the time of the date of the said note, Resseguie and the defendant resided at Whitehall, the plaintiff resided in Benson in this county, and Hyde resided in Castleton in this county ; and from the time of the date of said note to the present time, there has been no change in the place of residence of either of said four persons. The note was executed for the exclusive benefit of Resseguie ; and the defendant and the plaintiff were merely accommodation signers, and Hyde was an indorser of the same, merely and solely for the accommoda-

Briggs *v.* Boyd.

tion of Resseguie. The note, within a day or two after its date, was brought by Resseguie to the plaintiff at his residence in Benson, with the names of Resseguie, the defendant, and Hyde then thereon as aforesaid; and the plaintiff then and there signed it at the request of Resseguie. When the plaintiff signed the note, he was informed by Resseguie that the defendant had signed, and that Hyde had indorsed it, for Resseguie's accommodation, and that he, Resseguie, was expecting to procure the money on it from Calvin P. Austin. The defendant signed the note at Whitehall, upon a distinct understanding and agreement with Resseguie that Resseguie should procure it to be discounted at the Bank of Orwell, for the purpose of raising money to carry on his business, but it did not appear that the plaintiff had any notice, information or knowledge in respect to this understanding and agreement. The said note was subsequently discounted by Austin for Resseguie, and not at the Bank of Orwell where it was made payable. Austin, on the 19th April, 1858, commenced an action on the note against the plaintiff, and recovered a judgment for $1032.50. damages, and for $40.28. costs of suit. An execution was issued on the judgment, and the plaintiff paid on said execution the sum of $1054.27. At the time of the recovery by Austin of the judgment as aforesaid, Resseguie was, and ever since that time has been insolvent.

The court was unable to find that there was any satisfactory balance of testimony showing that the defendant had any notice of said suit. But it did appear that, shortly after the plaintiff paid over the money on the execution as aforesaid, he informed the defendant of the suit, and that he had made the payment on the execution as aforesaid, and requested the defendant to pay to him his (the defendant's) share as co-surety,—and that the defendant declined to do this, or to acknowlege that he was under any liability arising from the said note. It also appeared that the plaintiff defended against the said suit of Austin so far as he was able.

On trial, the defendant offered to show by the testimony of Resseguie, that, as between Resseguie and Austin, there was a partial failure of the consideration received by Resseguie from Austin for said note, or on the discount of the same, by reason of certain property which was received by Resseguie, as a part of the considera-

.tion, proving to be worthless, and to the amount of three hundred dollars. The defendant did not claim that the plaintiff ever had any notice or information in respect to this alleged partial failure of consideration; and the testimony in relation to the same, so offered by the defendant, being objected to by the plaintiff, was excluded by the court. To which decision the defendant excepted.

It did not appear that the note was protested for non-payment as against Hyde, or that any steps whatever were taken to hold or charge him as indorser thereon; and there was no proof of a new promise by the defendant to pay the said note, or any part thereof, to any party interested in the same, otherwise than by implication f law on the facts above stated.

Upon the foregoing facts, the court decided that the defendant was liable to contribution, as a co-surety with the plaintiff on the said note, for one-half of the amount paid by the plaintiff on the execution in favor of Austin against him as aforesaid, with the interest thereon from the time of making the said payment to the time of trial, and that the plaintiff was entitled to a judgment against the defendant on both of the issues made by the pleadings in the case; and judgment in favor of the plaintiff was rendered accordingly. To this decision and judgment the defendant excepted.

*Prout & Dunton* and *R. S. Peabody*, for the defendant.

I.   The defendant, Boyd, is not liable to any extent for contribution as co-surety upon the note. (a.) He was discharged by the note's being discounted by Austin instead of at the Bank of Orwell as agreed upon. Parsons on Notes and Bills, vol. 1, 236; *Brown* v. *Tabor*, 5 Wend. 566; *Evans* v. *Kymer*, 1 B. & Ad. 528; *Woodhull* v. *Holmes*, 10 Johns. 231; *Small* v. *Smith*, 1 Denio, 583; *Roth et al.* v. *Colvin et al.*, 32 Vt. 126; Abbott's Dig. vol. 1, p. 468, § 470; Parsons on N. & B., vol. 2, pp. 27, 28, and note; Chitty on Bills, 90 and 91. (b.) No one is bound by a judgment to which he was not a party.

II.   If liable to any extent, Boyd should be held for one-third of the amount of damages only recovered against Briggs. (a.) Hyde is liable as original promissor, or as co-surety with Briggs and Boyd. Theobald's Pr. and Agt., p. 197; *Daniel* v. *McRae*, 2 Hawks. 590; Theobald's Pr. & Agt., p. 202; *Douglas* v. *Waddle*, 1 Ham. R. 413;

Ohio Cond. R. 182; *Pitkin* v. *Flanagan*, 23 Vt. 160.    Endorsement is a new promise.    *Williams* v. *Field*, 3 Salkeld, 68; *Ballingalls* v. *Gloster*, 3 East, 481; *Hunt* v. *Adams*, 5 Mass. 358; S. C., 6 Mass. 519; *White* v. *Howland*, 9 Mass. 314; *Moies* v. *Bird*, 11 Mass. 435; *Palmer* v. *Grant*, 4 Conn. 89; *Brown* v. *Mott*, 7 Johns. 361, and opinion; *Allen* v. *Rightmere*, 20 Johns. 365, and opinion. (b.)    A co-surety cannot recover from his co-sureties an aliquot part of the costs in a suit against himself.    *Boardman* v. *Paige*, 11 N. H. 431; *Henry* v. *Golding*, 15 M. & W. 494 and 496; Parsons on N. & B. vol. 2, p. 253; *Knight* v. *Hughes*, 3 C. & P. 467; *Fletcher* v. *Jackson*, 23 Vt. 593; 7 Brigham, 246; Moody & M. 487; 11 Ad. & El. 23; Abbott's Dig. vol. 4, p. 619, § 47.

III.    A note received and discounted, but not in the usual course of business, is open to all the equities existing prior to the transfer, and accruing to any of the original parties thereon, and any defence of a surety in equity is a good defence also at law.    Austin paid for the note only about four hundred dollars.    He was therefore entitled to recover only the amount *actually* paid, with lawful interest thereon.    *Springer* v. *Toothaker*, 43 Maine, 381; Byles on Bills, p. 189 and note; *People* v. *Jansen*, 7 Johns. 332; *Baker* v. *Briggs*, 8 Pick. 122; *Evans* v. *Kymer*, 1 B. & Ad. 528; Parsons on Notes and Bills, vol. 1, 236; *Sailly* v. *Elmore*, 2 Paige, 497; *Russell* v. *Buck*, 14 Vt. pp. 147 and 157; *Bay* v. *Coddington*, 5 Johns. Ch. 57; Chitty on Bills, 90 and 91; Parsons on N. & B., vol. 1, p. 256, *et seq.*; *Roth & Co.* v. *Colvin et al.*, 32 Vt. 126.

Evidence showing that the note was not received "in the usual course of business" is admissible.    *Rose* v. *Dickson*, 7 Johns. 196; *Bank of Burlington* v. *Durkee et al.*, 1 Vt. 399; *Bank of St. Albans* v. *Stearns*, 1 Vt. 430; *Pitkin* v. *Flanagan*, 23 Vt. 160; Parsons on N. and B., vol. 2, 408; *Eggleston* v. *Shotwell*, 1 Johns. Ch. 536; *Schermerhorn* v. *Tallman*, 14 N. Y., pp. 93 and 115; *Austin* v. *Harrington*, 28 Vt. 130; *Whitmarth* v. *Young*, 5 Randolph, (Va.) 333; Boyd on Us. 289, §§ 17, 20, 24; *Gibson* v. *Trustee*, 1 Call's R. 54.

(c.)    This is not an action upon the note, but an action of assumpsit.    Therefore evidence to show partial failure of consideration was admissible,—the defendant's liability as co-surety being specific and ascertained, not subject to the estimation of the jury.    Parsons on

35

N. & B., vol 1, p. 207 ; *Richardson* v. *Sanborn*, 33 Vt. 75 ; *Pulsiver* v. *Hotchkiss*, 12 Conn. 234 ; *Hills* v. *Bannister*, 8 Cowen, 31.

Edgerton & Paul, for the plaintiff.

This action is not within the statute of limitations. 1 Parsons on Con. 35 and 36, n. (p.); 2 Parsons on Notes and Bills, pp. 253–4 ; *Davies* v. *Humphreys*, 6 M. & W. 152. The defendant is liable as co-surety on the note, to contribute one-half of the amount paid on the execution to Austin, and the interest since. 1 Parsons on Con. 34, 35 and 36 ; *Fletcher et al. . Jackson*, 23 Vt. 593. Notice to the defendant of the pendency of the suit against the plaintiff was not required. Neither is the plaintiff obliged to show that he has paid it by compulsion to enable himself to recover. Addison on Con. § 673 ; *Pitt* v. *Purssord*, 8 M. &. W. 539 ; *Chaffee* v. *Jones*, 19 Pick. 261 ; The defendant is not discharged from liability because the note was not negotiated by the Bank of Orwell. *Bank of Middlebury* v. *Bingham et al.*, 33 Vt. 633 ; *Bank of Newbury* v. *Richards*, 35 Vt. 281. Hyde never agreed or consented to become a co-surety with Briggs and Boyd. He was an indorser merely, therefore not subject to any contribution. He was discharged through want of notice. *Keeler* v. *Bartine*, 12 Wend. 110 ; *French's Ex'r* v. *The Bank of Columbia*, 4 Cranch, 141 ; 1 Parsons on Notes and Bills, p. 556.

The testimony of the maker offered to show any failure of the consideration was properly rejected.

1. The plaintiff was ignorant of it when defending against Austin.

2. The maker would thereby have disparaged his note by his own testimony. *Warren* v. *Merry*, 3 Mass. 27 ; *Chandler* v. *Mason*, 2 Vt. 199 ; Phillips on Ev., vol. 3, pp. 25, 27 and 31, (C. & H.'s notes vol. 1) ; *United States* v. *Dunn*, 6 Peters, 51 ; *Hartford Bank* v. *Barry*, 17 Mass. 94.

ALDIS, J. 1. Numerous decisions in this state have settled the point, that it is not a defence to the note for Boyd as surety, that the principal got it discounted by Austin instead of by the Bank of Orwell, as he had agreed with Boyd that he would. *Bank of Newbury* v. *Richards*, 35 Vt. 281 ; *Bank of Middlebury* v. *Bingham*, 33 Vt. 621.

2. Hyde did not sign the note as surety with Briggs and Boyd. The note was payable to Hyde or order, and they signed it as sure-

ties with Resseguie, knowing that Hyde was only to indorse it—not to sign it with them. The form of the contract plainly shows the intent of the parties—that Hyde as payee and indorser was not surety with the signers, but would, if made liable by presentment, protest and notice, have a remedy against the makers.

Such is the legal effect of the contract as written, and there is nothing in the case to show that the real relation of the parties was different.

3. The defendant had no notice of the suit, Austin v. Briggs, and therefore is not bound by the judgment. He may therefore show any legal defence which he might have pleaded in bar of a suit upon the note against him.

4. He offered to prove "a partial failure of consideration, by reason of certain property, which was received by Resseguie as a part of the consideration, proving to be worthless, and to the amount of three hundred dollars." Could this defence of partial failure of consideration be legally pleaded to an action upon the note brought by Austin against the makers? The general principle that a partial failure of consideration cannot be set up as a defence *pro tanto* to an action on a note has often been affirmed in this state. Quite recent cases have recognized it. *Burton* v. *Schermerhorn*, 21 Vt. 289; *Richardson* v. *Sanborn*, 33 Vt. 75—Ch. J. REDFIELD ; *Harrington* v. *Lee*, 33 Vt. 249—Judge BARRETT.

In these later cases the old and more general statement has been qualified thus—that a partial failure of consideration is not to be shown by way of defence in a suit upon a note, where the sum to be deducted "cannot be ascertained by *computation*"—(BARRETT, J.)— "is unliquidated, and subject to the estimation of the jury"—RED-FIELD, Ch. J.

In the more recent case of *Kelly* v. *Pember*, 35 Vt. 183, Judge PECK remarks : " There are some authorities to the effect that where the failure of consideration is partial, and of an uncertain character, and to be assessed by the jury and not mere matter of computation, such partial defence cannot be received in an action on a note ; and perhaps the cases in this state countenance or sustain that proposition. But I never could see why such defence ought not to be allowed in actions on notes and bills of exchange as well as in other

actions, except where the suit on such paper is by an innocent holder for value. If there is such a rule there ought not to be; it is sustained by no principle of policy, convenience or justice." These remarks indicate that the rule is far from meeting with the favor that seems once to have been extended to it in this state; but the case turned upon another point.

It is unnecessary at this time to review the decisions in other states or in England. The tendency is to allow the defence to be set up as between the original parties. The cases are very conflicting. Byles on Bills, (Sharswood's Notes,) p. 100, and Parsons on Notes and Bills, vol. 1, pp. 207 and 211, and notes and cases cited.

We are not disposed at this time to overrule the decisions which have heretofore been made in this state upon this point. Had Briggs offered to show this defence in the suit brought by Austin against him upon the note, it would doubtless have been excluded. To allow it to Boyd in this suit at the expense of his co-surety, Briggs, when it would not have been allowed to Briggs in the suit Austin against him, would be doing a manifest injustice as between these sureties whose rights, liabilities and equities, are and ought to be preserved equal.

The character of the testimony offered shows that the amount sought to be deducted could not have been the subject of computation; but on the contrary must have been unliquidated damages to be shown by the opinions of witnesses, and ascertained by estimation of the jury.

5. It is claimed that the plaintiff ought not to recover for one-half of the taxable costs which he had to pay in the suit Austin against him.

But this was a debt for which the plaintiff and defendant were jointly liable. Briggs was no more bound to pay the whole of it than Boyd. As between themselves each was to pay one-half. Had Boyd paid his half or offered to pay it before suit, there would then be ground for his saying that he ought not to contribute to the costs. But the costs were made in collecting the whole of the note of Briggs. As one appears to have been just as much in fault as the other in not paying the note, which led to the necessity of making the costs, we think they should bear equally the burden of the costs.

In *Fletcher et al.* v. *Jackson et al.*, 23 Vt. 593, the sureties recovered of their co-sureties not only a proportionate share of the taxable costs, but also of the expenses incurred in defending a suit. Where the setting up of the defence is reasonable, hopeful, prudent,—the expenses thereby incurred by a surety are held in that case to be a proper subject for contribution. To the same point is *Marsh* v. *Harrington*, 18 Vt. 150.

The English decisions on this point do not seem to harmonize. In *Kemp* v. *Finden*, 12 M. & W. 421, PARKE, Baron, held that in a suit on a debt, where the sureties by default of their principal were jointly liable, and one of them had paid the whole costs, he was entitled to recover of his co-surety his share. In 15 M. & W. 494, ALDERSON, B., seems to have been of a contrary opinion.

The same rule obtains in Maine as in Vermont: 17 Me. 64; 18 Me. 364. But *contra*, 11 N. H. 431.

There is nothing to indicate that the costs in this case which Briggs had to pay were enhanced by any neglect or default or unreasonable defence on his part.

Judgment affirmed.