JOSEPH FARRAR v. O. E. & O. W. FREEMAN.

*Promissory Note.   Partial Failure of Consideration.   Statute, Acts of 1867, No. 51.*

This action not being between the original parties to the note, the act of 1867, allowing a partial failure of consideration to be shown in defence, by its terms, has no applica- tion, and the case stands just as it would have stood without that act; and the failure of consideration being only partial, and not capable of definite ascertainment, the de- fendants could not avail themselves of it in an action on the note, in favor of the original payee even, but would have to resort to a cross action for their damages for the non-fulfillment of the agreement.

ASSUMPSIT on a promissory note, dated July 22d, 1867, for eighty-five dollars, payable to bearer in six months from date,

with interest. Plea, the general issue, and trial by jury, December term, 1870, Ross, J., presiding.

The defendants, who are blacksmiths living in Walden, gave evidence tending to show that they purchased, at the date of the note, of one Russell, the right to use a certain patent right in Walden, called " Austin's Patent Nailless Horse Shoe," and received, at that date, from said Russell, a deed of said patent for the town of Walden; and also, that, as a part of the consideration of said note, said Russell agreed to furnish the defendants with said horse shoes ready made at sixteen cents per pound, at St. Johnsbury depot, one hundred pounds of said shoes to be furnished within a few weeks, and that thereafterwards there should be a supply of said shoes at St. Johnsbury, which the defendants could get at any time; that said shoes were manufactured from malleable iron, and such as defendants could not manufacture, and that said Russell left the defendants two or three of said shoes; that the defendants had frequently called at St. Johnsbury for said shoes, but none had ever been furnished by said Russell, as agreed by him.

It was in evidence, uncontradicted, that some of the defendants' customers called for said shoes, to some extent, for a few weeks after the bargain, but the defendants could not supply these calls.

The defendants gave evidence tending to show that the note was given for the deed of said patent right, and for the agreement of said Russell to furnish said shoes, and that the deed of the patent, conveying the right to use said shoes in Walden without the shoes being furnished by said Russell, in accordance with his agreement, was entirely useless to the defendants, as they could not manufacture the shoes; that said Russell represented, at the time of the trade, that said shoes worked nicely, and that the patent was a useful one; that the defendants tried for a considerable time to fit two of the shoes left by said Russell to the feet of their own horse, and were unable to make them stay upon the horse's feet, and in their opinion the patent was worthless; but the defendants admitted that, at several times when Russell was at their shop, he had upon the horse he was driving shoes manufactured and fitted after this patent.

It appeared that one Enoch Osgood purchased said note in August after it was given, in part payment for a horse which he sold said Russell for $600, receiving $300 in cash, and the balance in notes against various parties, given for this patent, and that all the notes so received had been paid except this one. There was no evidence that Osgood knew what the note was given for. Russell did not endorse the note.

The defendants' testimony tended to show that Osgood sold the note to the plaintiff for its full value, but that the note was due when purchased by the plaintiff, and that the plaintiff knew what the note was given for, and knew that the defendants refused to pay the note because Russell had not kept his agreement to furnish the shoes, and because they had an account against Osgood. Osgood did not endorse the note to the plaintiff. The defendants admitted they should not have taken the shoes if furnished by Russell unless they could learn to fit them to horses' feet, and that they had never offered to rescind their contract with Russell, or to redeed to him the patent, though he had been frequently at their shop, both before and since the note became due, and had promised to do what was right with them. The defendants gave no evidence tending to show the patent was invalid.

On the above testimony the court ruled that the plaintiff was entitled to recover the amount of the note and interest, and ordered a verdict accordingly. To this ruling of the court the defendants excepted.

*Bliss N. Davis*, for the defendants.

*J. P. Lamson*, for the plaintiff.

The opinion of the court was delivered by

WHEELER, J. The exceptions show that upon the evidence, on the part of the defendants themselves, the consideration of the note in suit was a deed of the right of the patent for Austin's patent nailless horse shoe for the town of Walden from one Russell, and the agreement of Russell to furnish the defendants one hundred pounds of such horse shoes ready made, at the depot in St. Johnsbury, within a few weeks, at sixteen cents per pound.

The testimony of the defendants did not tend to show that the patent was entirely worthless, and it cannot be presumed that it was not of some value.

Russell did not fulfil his agreement to deliver the horse shoes, and as between him and the defendants that part of the consideration of the note failed.

The defendants do not appear to have ever offered to reconvey to Russell the right to the patent that they acquired of him.

To the extent of that right the consideration of the note, as between the defendants and Russell, has not failed.

The case does not disclose how much of the consideration was for Russell's agreement, nor how much of it for the right to the patent.

The extent of the failure of the consideration, as between the original parties, is, therefore, not a subject capable of definite computation, but rests in unliquidated damages that could not be ascertained without a trial.

Under the act of the legislature upon this subject, passed in 1867, the defendants could avail themselves of this partial failure of consideration by way of defence to an action upon the note in favor of the original payee Russell. But the act of 1867 is, by its terms, expressly confined to actions upon notes between the original parties; therefore this case stands just as it would have stood without that act. Without that act, the failure being only partial, and that part not being capable of definite ascertainment, the defendants could not avail themselves of it in an action upon the note in favor of the original payee even, but would have to resort to a cross action to recover their damages for the nonfulfillment of the agreement.

The plaintiff, even if he had taken the note when overdue, and with full notice of the original payee, would, of course, stand as well against the defendants as the payee could stand.

These considerations entitle the plaintiff to recover upon the right acquired by being the owner and bearer of the note, without relying upon any right that Osgood may have had to enforce the note that the payee did not have.

Farrar v. Freeman et al.

The plaintiff being entitled to recover without reference to any peculiar right that Osgood had, all necessity for any consideration of what right the plaintiff acquired by purchasing of Osgood, who was an innocent holder, that he would not have acquired if Osgood had had all the notice that the plaintiff had, is obviated.

Judgment is affirmed.