# VERONA E. HOYT v. JOHN McNALLY.

GENERAL TERM, 1893.

*Evidence not tending to show total failure of consideration.
Partial failure of consideration can only be shown
between original parties.*

1. The defendant offered to show that the note in suit was
given for the equity of redemption in a certain farm which
the payee of the note had conveyed to him with cove-
nants of warranty and seizin; that the said payee had
induced him to take the conveyance and execute the note
by falsely representing to him the condition of the farm
and that he could give him immediate possession; that in
fact the premises were worth less by more than the amount
of the note than they would have been had they been in the
condition represented by the defendant, and that they were
then in the possession of a tenant who held until the expira-
tion of his term to the damage of the defendant more than
the amount of the note.    *Held*, that this evidence did not
tend to show a total failure of consideration for,

(*a.*) There was no offer to show that the premises, had they
been in the condition represented, would have been worth
more than the amount of the mortgage.

(*b.*) There having been no offer of rescission, the covenants of
warranty and seizin still continue a consideration in favor
of the defendants.

(*c.*) As to the failure to give possession, the defendants have
their action for damages upon these same covenants.

2. The defence of partial failure of consideration given by R.
L. s. 911 can only be made in an action between the original
parties to the instrument as shown by the instrument
itself.

Assumpsit upon a promissory note. Plea, the general issue with notice of special matter. Trial by jury at the June term, 1892, Bennington county, Munson, J., presiding. The court directed a verdict for the defendant. The plaintiff excepts.

The note was for the sum of one hundred dollars and was made payable to the order of Elisha F. Hoyt. It was endorsed upon the back to the order of the plaintiff.

The defendant set forth in his notice that Elisha F. Hoyt held the title to a certain farm which he conveyed to the defendant with covenants of warranty and seizin; that said farm was mortgaged and that the note in suit was given in consideration of the conveyance of the said Hoyt's equity of redemption to the defendant as above; that the defendant was induced to take said conveyance and give said note by the representations of the said E. F. Hoyt as to the condition of said farm and by the further representation that he could and would give the defendant immediate possession; that the aforesaid representations were false, as the said Hoyt well knew; that the farm in its actual condition was worth less than the amount of the mortgage, and more than one hundred dollars less than it would have been if in the condition represented; that the farm was leased to and in the possession of a tenant, and that the defendant was damaged more than one hundred dollars by reason of not obtaining immediate possession.

The notice further alleged that the said E. F. Hoyt held the title to said farm for the benefit of himself and the plaintiff; that the aforesaid representations were made with the knowledge of the plaintiff and on her account; that the note was taken in the name of E. F. Hoyt for the benefit of the plaintiff, and that the same was transferred to her after maturity without consideration and with knowledge of all the foregoing facts.

Upon the trial the defendant offered to show the above

facts, but the court excluded the evidence and directed a verdict upon the ground that these facts set forth in the notice did not, if proved, constitute a defence, to which the defendant excepted.

*O. M. Barber* and *J. K. Batchelder* for the defendant.

The testimony excluded tended to show a total failure of consideration, and should therefore have been admited. *Roth & Co.* v. *Colvin, Allen & Co.*, 32 Vt. 138; *Haley* v. *Congdon*, 56 Vt. 65; *Armstrong* v. *Noble*, 55 Vt. 428; *Hassom* v. *Dompier*, 28 Vt. 32; *Cragin* v. *Fowler*, 34 Vt. 326; *Clough* v. *Patrick*, 37 Vt. 426; *Kelley* v. *Pember*, 35 Vt. 184.

If they tended to show only a partial failure of consideration they would still be admissible. *Kelley* v. *Pember*, 35 Vt. 184; R. L. s. 911.

*J. C. Baker* for the plaintiff.

The deed, containing full covenants of warranty and seizin, followed by possession, was of some value, so that there was not a total failure of consideration. *Wentworth* v. *Goodwin*, 21 Me. 150; *Morrison* v. *Jewell*, 34 Me. 146; *Thompson* v. *Mansfield*, 43 Me. 490; *Hodgkins* v. *Golden*, 75 Me. 293.

Partial failure of consideration cannot be shown in defence. *Thrall* v. *Horton*, 44 Vt. 386; *McElvain* v. *Mudd*, 4 Am. Rep. 106; *Townsend* v. *Water Commissioner*, 14 Am. Rep. 109; *Blaney* v. *Pelton*, 60 Vt. 275; *Williams* v. *Hicks*, 2 Vt. 39; *Walter* v. *Smith*, 2 Vt. 539; *Stone* v. *Peake*, 16 Vt. 213; *Burton* v. *Schermerhorn*, 21 Vt. 289; *Hassam* v. *Dompier*, 28 Vt. 32; *Richardson* v. *Sanborn*, 33 Vt. 75; *Harrington* v. *Lee*, 33 Vt. 249; *Foster* v. *Phaley*, 35 Vt. 309; *Briggs* v. *Boyd*, 37 Vt. 535; *Farrar* v. *Freeman*, 44 Vt. 63.

The defendant cannot have the benefit of R. L. s. 911 for the plaintiff was not an original party to the note.  *Farrar* v. *Freeman*, 44 Vt. 63 ; *Thrall* v. *Horton*, 44 Vt. 386; 1 Chitty's Pl. (16th Am. Ed.) 38 ; Dicey, Parties, 12 ; *Bank* v. *Lyman*, 20 Vt. 666 ; *Royce* v. *Nye*, 52 Vt. 273 ; Sto. Prom. Notes, s. 120 ; *Downer* v. *Tucker*, 31 Vt. 204.

THOMPSON, J.  It is urged that the evidence offered and excluded shows a total failure of consideration for the note in suit, and that the plaintiff took it after its maturity, with full knowledge of the defence sought to be made by the evidence excluded.  If the offer shows a total failure of consideration, such failure was a complete defence to the suit, and there was error below.  The argument of the defendant in support of this contention is based upon the assumption that the farm would have been worth more than the amount of the mortgage on it, had it been at the time of the sale in the condition represented by E. F. Hoyt.  The defendant by his offer did not propose to show that had the farm been as represented its value would have equalled or exceeded the amount of incumbrance upon it.  All the facts included in defendant's offer may be admited to be true, and yet so far as appears from them, the value of the farm at the time of the conveyance have been less than the amount of the mortgage.

E. F. Hoyt conveyed the farm to the defendant and Dewey by his deed with the usual covenants of warranty and seizin.  If the consideration of the note is assumed to be the conveyance of the title with the covenants and the fraudulent representations of E. F. Hoyt, yet it cannot be said that there was a total want or failure of consideration, for the conveyance of the title, and the covenants of warranty and seizin have not failed, but they are still held by the defendant.  It does not appear that there has been any offer of rescission by him.

If Ray held possession of the premises under a valid lease to him from E. F. Hoyt, executed and delivered prior to the conveyance to the defendant and Dewey, they have their remedy against E. F. Hoyt by an action on his covenants for all damages they have sustained by the retention of the premises by Ray under such a lease. It is apparent that if there is any failure of consideration disclosed, at most it is only partial. *Thrall* v. *Horton*, 44 Vt. 386; *Blaney* v. *Pelton*, 60 Vt. 275.

It is insisted that R. L. s. 911, gives the defendant the right to make the defence of a partial failure of consideration, in this action. Prior to the St. 1867, now embodied in R. L. s. 911, partial failure of consideration was not available as a defence to an action on a promissory note, even between the original parties thereto, unless there was fraud upon the defendant in procuring the note, an offer by him to rescind, and the amount to be deducted could be ascertained by computation. *Walker* v. *Smith*, 2 Vt. 539; *Stone* v. *Peake*, 16 Vt. 213; *Burton* v. *Shermerhorn*, 21 Vt. 289; *Richardson* v. *Sanborn*, 33 Vt. 75; *Harrington* v, *Lee*, 33 Vt. 249; *Briggs* v. *Boyd*, 37 Vt. 534; *Farrar* v, *Freeman*, 44 Vt. 63; *Thrall* v. *Horton*, 44 Vt. 386. We are aware that some of the remarks of Peck, J., in his opinion in *Kelley* v. *Pember*, 35 Vt. 183, are at variance with the doctrine as we have stated it, and as laid down in the cases cited, but that case is not in conflict with these cases, for there it distinctly appeared that there had been an offer by the defendant to rescind. The later case of *Briggs* v. *Boyd*, *supra*, repudiates the idea that *Kelley* v. *Pember* was decided upon grounds in conflict with the rule above stated. R. L. s. 911 varies this rule so far as to permit partial failure of consideration to be set up as a defence *pro tanto* in an action to recover upon a note, bill of exchange or other writing, where the action is between the original parties to such instrument. The language of the statute

is clear and explicit, and we hold that under it this defence can only be made in actions between the original parties to the instrument upon which recovery is sought, as appears by the instrument itself. Where the instrument is a promissory note as in this case, the statute only applies to an action between the maker and payee of the note as shown by the note itself. The plaintiff is not an original party to the note in suit, and for that reason the defendant cannot avail himself of the statute to interpose the defense of partial failure of consideration. The court below, therefore, properly excluded the evidence offered, and directed a verdict for the plaintiff.

*Judgment affirmed.*