MERRITT E. BURGESS v. PATRICK NASH.

GENERAL TERM, 1893.

*Partial failure of consideration only shown between original parties.*

Under R. L., s. 911, partial failure of consideration can only be shown in defence when the action is between the original parties to the instrument itself; following *Hoyt* v. *Mc-Nally, supra.*

Assumpsit upon a promissory note. Plea the general issue, with notice of special matter. . Trial by jury at the December term, 1892, Bennington county, START, J., presiding. Verdict and judgment for the plaintiff. The defendant excepts.

The note was for one hundred and seventy-five dollars, was signed by the defendant, made payable to the order of Patrick Nash and endorsed by Patrick Nash and H. E. Burgess. The note in suit was given in renewal of another note for two hundred dollars between the same parties, which had been originally given by the defendant in payment of an interest in a livery stock purchased by him. This trade was negotiated by H. E. Burgess. A part of the stock sold consisted of two wagons in the state of New York, which could not be inspected by the parties. Burgess represented that these wagons were worth one hundred and seventy-five dollars and seventy-five dollars respectively, and agreed that if they were not, a corresponding deduction should be made from the note. The defendant claimed on trial that the wagons were really worth very much less, and that the

amount of the recovery on the note should be diminished accordingly.

The plaintiff insisted that his only interest in the property sold was that of a mortgage, and that this defence could not be made as to him. The defendant claimed that the plaintiff was the real owner, and that H. E. Burgess acted as his agent in the sale.

The jury found specially that the plaintiff was the real owner, and that the wagons were worth fifty dollars less than represented. Notwithstanding this finding the court gave judgment for the full amount of the note, to which the defendant excepted.

*C. H. Mason* and *Batchelder & Bates* for the defendant.

The property was sold in effect by the plaintiff to the defendant, and the note given in payment for it. The fact that the plaintiff's name does not formally appear on the note renders him none the less a party to it. Edwards, Bills and Notes, 175 ; Pars., Bills and Notes, 48, 49 ; *Thomas* v. *Watkins*, 16 Wis. 549 ; *Mahar* v. *Sawyer*, 18 Ind. 73 ; *Burson* v. *Huntington*, 21 Mich. 497 ; *Chamberland* v. *Hepps*, 8 Vt. 94 ; *Thompson* v. *Hale*, 6 Pick. 268 ; *Goddard* v. *Lyman*, 14 Pick. 268 ; *Chapman* v. *Tucker*, 20 American.

*C. H. Darling* for the plaintiff.

The plaintiff was not upon the face of the note a party, and parol evidence cannot be resorted to to show that he was such in fact. *Arnold* v. *Sprague*, 34 Vt. 402 ; *Bank of the U. S.* v. *Lyman et al.*, 20 Vt. 666 ; *Taber* v. *Carman*, 8 Met. 456.

THOMPSON, J. The only question presented in this case is whether the defendant can make the defence of par-

tial failure of consideration, under the provisions of R. L.,
s. 911.    As held in *Hoyt* v. *McNally*, 66 Vt. 38, heard and
decided this term, the plaintiff is not an original party to the
note in suit within the meaning of the statute, and, therefore,
this defence cannot be interposed.

*Judgment affirmed.*