C. HENRY CRAIGUE *v.* G. W. HALL and J. B. FARR.

October Term, 1900.

Present: TAFT, C. J., TYLER, MUNSON, START, WATSON and STAFFORD, JJ.

Opinion filed February 12, 1901.

*A referee under a general appointment is not an arbitrator but is to proceed according to law*—A general reference by the court with the consent of parties is presumed to be under V. S. 1437, and the cause is to be heard and decided according to law pursuant to V. S. 1438.

*Cases distinguished*—Cases which arose before the provisions of V. S. 1437 and 1438 were enacted, and cases governed by the special stipulations of the reference, are distinguished.

*Consideration for a note given in part payment of purchase price of property—Partial failure of consideration*—If a part of the purchase price of property is paid in cash, and a note is given for the remainder, the consideration of the note is the whole purchase price of the property; and partial failure of consideration, to an extent greater than the amount of the note, does not constitute total failure of consideration for the note.

*Partial failure of consideration cannot be set up against the endorsee of an overdue note*—In a suit on a note partial failure of consideration cannot be shown unless a statute permits. V. S. 1152 does not permit partial failure of consideration to be shown in a suit by an endorsee of overdue paper but only in an action between the original parties to the note.

ASSUMPSIT on a note. Plea, the general issue with notice setting up a failure of consideration. The cause came on for hearing upon a referee's report, a request for further findings, an additional report and the plaintiff's exceptions to the reports, Windsor County, December Term, 1899, *Tyler,* J., presiding. Judgment was rendered *pro forma* for the defendant. The plaintiff excepted.

From the referee's report it appeared that the purchase price in the sale referred to in the opinion, was arrived at under an agreement that it should be such sum as the property and goods transferred had cost the vendor.

*E. B. Flinn, W. W. Stickney* and *J. G. Sargent* for the plaintiff.

*Gilbert A. Davis* and *Fred C. Davis* for the defendant.

TYLER, J. The referee reports that the defendants and David E. Person were competitors in the business of buying and selling meats in the town of Chester, and that after some negotiations the defendants, for the agreed price of $2,351.29, purchased Person's business and certain real and personal property, including a cash register for $275 which had cost Person only $175. It was a part of the agreement of purchase that Person should not enter into the meat business anywhere in Chester, nor upon certain specified routes over which he had driven his carts, and the defendants were induced by this agreement to make the purchase and they relied upon its fulfillment. The note in controversy was given by the defendants to Person, or order, on November 11, 1895, for $322.23, on demand, in part payment of the $2,351.29, the remainder having been paid in cash or its equivalent. Person, on May 1, 1896, sold the note to the plaintiff and indorsed it without recourse.

The referee further finds that soon after the sale Person, in disregard of his agreement not to go into business, engaged

in business in Chester in competition with the defendants and continued such competition for a considerable time, and that the damage to the defendants in consequence of such competition and of the false inventory of the cash register exceeded the amount of the note. The referee therefore found that the consideration of the note totally failed and awarded that there was nothing due the plaintiff upon it and that the defendants recover their costs.

The plaintiff seasonably objected and excepted to the admission of the defendants' evidence tending to show a breach of the contract and a failure of the consideration of the note, to the evidence in respect to a false inventory of the cash register and to the referee's decision that the plaintiff was not entitled to recover. The plaintiff also filed exceptions to the referee's report.

The defendants contend that the decision of the referee is final, and that the *pro forma* judgment of the court below should be affirmed.

In *Thompson* v. *Warner,* 62 Vt. 186, it was provided in the rule of reference that the decision of the referee should be "final and conclusive," and it was held that by the terms of the reference his report was in effect an award between the parties, and that its conclusiveness could not be disturbed for any error in law or in fact, unless the report submitted some question to the court for determination. In *Re Powers' Estate,* 65 Vt. 399, the reference was under a written stipulation that the referees should hear and determine all matters in controversy between the parties; held, that this was in effect an arbitration. *Morse* v. *Beers,* 51 Vt. 359. The present case seems to have been referred by the court, with consent of the parties, under a general rule of reference pursuant to V. S. ss. 1437-8, which read:

"The Supreme or County Court may, in an action pending therein, when the issue of fact is not such as to entitle the parties as a matter of right under the constitution to trial by jury, appoint one or more referees to try and determine such issue, and may, by agreement of parties, appoint such referees in any cause pending in such courts."

"The referees shall make a full report of the facts found by them material to the cause, to the next term of such court after hearing before them is closed, and the same, unless cause is shown to the contrary, shall be accepted by the court and be conclusive of the facts in issue so submitted. They shall be governed by the rules of law in the admission of evidence and determination of the issue, and shall state in their report decisions made as to the admission or rejection of evidence, when the party against whom the decision is made so requests in writing. No exceptions to the report or questions as to the admissibility of evidence shall be considered in Supreme Court, unless the same are stated in the exceptions to the report filed in the County Court."

Prior to the passage of act No. 129, Laws of 1884, which is embodied in V. S. 1437-8, it was held in the cases cited by the defendants that when the parties selected their own tribunal by referring their case, and in their agreement to refer, imposed no limitations upon the referee in regard to the manner in which he should conduct the trial, he was not bound by the strict rules of law in the admission of testimony. In *Melendy* v. *Spaulding,* 54 Vt. 517, it was said that "the principle is well settled in this state, that this court will not revise the proceedings of a referee, unless it appears upon the face of the report that the referee, in deciding the questions that were raised before him, intended to decide them according to law, and that in making his decisions he has clearly mistaken the law."

Since that enactment it has not been held that a reference is in effect an arbitration. V. S. 1438 expressly provides that questions as to the admission or rejection of evidence by the referee and his determination of the issue may be revised by this court when brought up on exceptions that have been filed in the County Court.

There is no question made but that this case comes here upon a proper bill of exceptions which presents the issues insisted upon by the plaintiff.

The first question then is whether there was error in the admission of evidence to show a breach of the contract by Person, his overcharge for the register, and in the decision of the referee that by reason of such breach and overcharge there was a total failure of the consideration of the note, the suit being brought by the indorsee.

The facts found by the referee at most show only a partial failure of consideration of the note which was given by the defendants in part payment of the entire purchase price of the property. The consideration of the note was the whole property purchased and not any particular part of it. *Stone* v. *Peake,* 16 Vt. 213, *Burton* v. *Schermerhorn,* 21 Vt. 289, and *Thrall* v. *Horton,* 44 Vt. 386, are authorities upon this point.

The case then does not come within V. S. 1152, which provides that in actions upon promissory notes, bills of exchange or other instruments in writing between the original parties thereto, the defendant may, by plea or motion, set up a partial failure of consideration, and that the court may, upon issue joined thereon, render judgment for such sum as is found due. Under this statute it is held that this right does not extend beyond the original parties to the note. *Thrall* v. *Horton; Farrar* v. *Freeman,* 44 Vt. 63; *Hoyt* v. *McNally,* 66 Vt. 38; *Burgess* v. *Nash,* 66 Vt. 44. Before the passage of the act of 1867—V. S. 1152—a partial failure of consideration

could not be set up as a defense to a note even in a suit between the original parties thereto.

The case does not fall within the rule that the report of the referee is conclusive as to the facts found by him if there was any evidence before him tending to establish such facts. The question here is, whether upon the facts found and reported the decision of the referee was correct. His decision was erroneous for the reason that there was not a total failure of consideration.

The defense cannot be maintained that as the plaintiff purchased the note when overdue, he took it subject to all defenses, because of the statutory limitation of this particular defense to a suit between the original parties to the note.

*The pro forma judgment reversed and judgment for the plaintiff for the amount of the note.*