# RE ESTATE OF J. C. POWERS.

## ARTEMAS C. POWERS, CLAIMANT.

GENERAL TERM, 1892.

*Report of referees held good as an award. Administrator*
*bound by. Referee holding federal office.*

1. The claimant brought suit against the intestate in the county
   court and the case was referred under a rule of court. Sub-
   sequently the parties stipulated that all matters in contro-
   versy between them should be tried by the referees, thus
   embracing matters which could not be tried in the pending
   suit, and such a hearing was had, and the referees filed
   their report in court. *Held,* that the hearing was in effect
   an arbitration, and the report final between the parties as
   an award irrespective of what became of the suit.

2. The report was recommitted to the referees upon motion of
   the claimant for the consideration of a new item, and be-
   fore hearing the intestate died. Thereupon his adminis-
   trator, who had entered to defend, called out the referees
   and a new hearing was had against the protest of the claim-
   ant and upon the insistance of the administrator. The
   referees allowed the claimant $295, in respect of his new
   item, and their second report was also filed in the county
   court. *Held,* that this was a new award between the es-
   tate and claimant.

3. Between the second hearing and the filing of the second award, commissioners were appointed for the allowance of claims against the estate of the intestate, and the suit was thereby discontinued. *Held*, that the claimant could prove the $295 allowed him by the second award as a debt against the estate.

4. The fact that one acting as referee under a rule of the county court holds an office of profit and trust from the United States at the time he hears the case and makes a report, does not render his acts as referee void.

Appeal from the judgment of the probate court for the district of Rutland accepting the report of commissioners for the allowance of claims against the estate of J. C. Powers. Heard upon the report of referees at the September term, 1892, THOMPSON, J., presiding. Judgment for the estate. The claimant appeals.

At the March term of the Rutland county court, 1879, A. C. Powers, claimant in this suit, brought an action in assumpsit against J. C. Powers then in life. The suit was referred under the statute to two referees at the September term, 1879. December 18, 1879, a rule of reference was taken out and a time fixed for hearing, after which continuances were had from time to time until December 30, 1879, at which date the following stipulation was signed by the parties and filed with the county clerk in said cause.

"It is agreed by the parties in the above entitled cause that the referees in said cause shall hear, consider and decide upon all matters in difference between said parties, separate and partnership, and report thereon, and the rule and docket entry in said cause shall be so made as to allow of such extended powers of said referees :

"C. M. WILLARD for plaintiff.
"W. H. SMITH for defendant.

"December 30, 1879."

Under that rule and stipulation the case was fully heard by the referees, all matters between the parties being em-

braced as far as they knew, and as a result of the hearing the referees made a report to the effect that nothing was due from either party to the other, and filed that report in the county court.

At the September term, 1880, the plaintiff in that suit being the claimant in this suit, filed a motion to recommit the report for the purpose of submitting to the referees an additional item. This motion was granted.

Subsequent to the granting of this motion and before any further hearing, the defendant in that suit died and his administrator called out the referees for the purpose of a further hearing under the motion recommitting the report. To this further hearing the claimant objected for the reason that the defendant in that suit had deceased, but the referees held that, inasmuch as no commissioners had been appointed upon the estate the suit was still pending in the county court and directed the parties to proceed with the hearing. The administrator insisted that the hearing should proceed. A further hearing was accordingly had, at which the claimant presented the item on account of which the report has been recommitted, and as a result of that hearing the referees made a second report by which they allowed the claimant $295.71. This report was also filed in the county court.

Subsequent to the hearing before the referees last mentioned and the filing of the second report in the county court, commissioners were appointed upon the estate of J. C. Powers, and as a result of the appointment of such commissioners the suit of the claimant against J. C. Powers was discontinued.

After the discontinuance of this suit the claimant presented all his claims before the commissioners appointed as above. The administrator objected that the first hearing of the referees, in which it was found that nothing was due from either party to the other, was a bar to all claims presented by the claimant.

26

The referees appointed in this case reported the above facts, held that the first report in the original suit was a bar binding upon the claimant, declined to bear evidence as to his other claims, and found that nothing was due from the estate to the claimant, upon the understanding, however, that if in the opinion of the court the claimant had a right to prove either the $295.71 found due him by the second report of the referees, or his claims generally against the estate, the. report should be recommitted to the referees for that purpose.

Between the appointment of the referees and the hearing of the case and the making of the report, W. G. Veazey was appointed United States interstate commerce commissioner, and was acting in that capacity at the time he heard the case and made the report.

*Butler & Moloney* for the claimant.

The parties by their stipulation made the referees arbitrators and the various reports are binding as awards. *Cook* v. *Carpenter*, 34 Vt. 121; Morse Arb. p. 76; *Buel* v. *Dewey*, 22 Hammond, 342; *Ex parte Wright*, 6 Cow. 499; *People* v. *Schoharra*, 1 Wend. 315; R. L. ss. 985, 986, 987.

*W. H. Smith, George E. Lawrence* and *J. C. Baker*, for the defendant.

The parties by their stipulation made the referees arbitrators and from that time on the county court had no jurisdiction of the matter. *Miller* v. *Vaughan*, 1 Johns. 315; *Stevenson* v. *Beecher*, 1 Johns. 492; *Green* v. *Patchen*, 13 Wend. 293; *Slimer* v. *Redfield*, 19 Wend. 21; *Deidrich* v. *Fichley*, 2 Hill 271; *Beardsley* v. *Dygert*, 3 Denio, 380; *Tyler* v. *Dyer*, 13 Me., 41.

When the referees filed their first report they exhausted their authority and the action of the county court in recom-

mitting the case for further consideration did not vest them with any new authority. Their subsequent acts are void. *Rice* v. *Clark*, 8 Vt. 104; *Baxter v. Thompson*, 25 Vt. 505.

Judge Veazey was not disqualified from acting as referee by the fact that he was interstate commerce commissioner. *Re Oath of Attorneys*, 20 Johns. 492; *People* v. *Nichols*, 52 N. Y. 478; Attorney General Kenion, 7 Ohio St. 546; *State* v. *Wilson*, 29 Ohio St. 347; *Sheboygan Co.* v. *Parker*, 3 Wall. 93.

TAFT, J.   By agreement of parties Mr. Veazey was appointed one of the referees, auditors and commissioners, and the cause was heard.   After the hearing, he was appointed to an office of profit and trust under the authority of congress *viz:* that of interstate commerce commissioner.   A person holding such an office cannot hold an executive nor judicial one under the laws of this state.   Const. of Vt. s. 26. We do not decide whether an auditor, referee, or commissioner, is a judicial officer within the meaning of our constitution; conceding that he is, his acts between third parties are valid.   We have many cases holding that the acts of a *de facto* officer cannot be questioned in suits between third parties.

The claimant in this proceeding brought a suit in the Rutland county court against the intestate, declaring in general assumpsit, and during its pendency in 1879, the parties entered into a stipulation that referees should be appointed and should "hear, consider, and decide all matters in difference between said parties, separate and partnership, and report thereon," thus bringing in controversy under the submission, matters outside the scope of the action.   The referees heard the matters submitted to them and on the 12th day of June, 1880, made report, which was considered at the September term, 1880, and recommitted for the purpose of having the referees pass upon a single item which the plaintiff claimed

had been omitted in the former investigation. After the September term, 1880, the intestate died; an administrator of his estate was appointed who entered to defend at the September term, 1881. The referees were afterwards called out and a hearing had on the 27th day of February, 1882. At this hearing " the plaintiff (claimant herein) objected to any further proceedings in the case before 'said referees on account of the death of the defendant." The objection was overruled, the matter was heard, the parties produced their evidence, and the referees awarded the plaintiff the sum of two hundred ninety-five seventy-one one hundredths dollars, and so reported on the sixth day of March, 1882. Subsequently, commissioners having been appointed upon the intestate estate of the defendant, the suit was discontinued by reason of the death of the defendant and the appointment of an administrator and commissioners upon his estate. The plaintiff, after the discontinuance of his suit, presented his claims to the commissioners. They are the same claims as those litigated before the referees and which were covered by the two reports. We hold that the stipulation for a reference and submission of matters not embraced in the suit nor within the scope of the action, and which depended for their validity upon the agreement of the parties, were in substance and effect submissions to arbitration, and the reports of the referees, awards, final and conclusive between the parties. By the first report it was found that nothing was due either party; the last shows two hundred ninety-five seventy-one one hundredths dollars due the claimant. The awards were not affected by the continuance and subsequent discontinuance of the action; there was nothing in the agreement for the reference that forbade a continuance of the action, or that made the validity of the awards dependent upon a discontinuance. The first submission was by the authority of the intestate. His death revoked any further proceedings under it. The proceedings which resulted in the second re-

port were by the authority of the administrator, who could submit a controversy concerning the estate to arbitration. His power so to do is not questioned by the defendant estate, but it insists that the first report of the referees in the former action, by which nothing was found due the plaintiff, is binding upon him, but that the subsequent one in his favor is null and void, for the reason that the orders of court made after the filing of the first report were beyond its jurisdiction and of no effect. The reference and report did not derive their validity from the orders of court, but from the agreement of the parties, and the agreement of the administrator was as efficacious to uphold the last report as that of the intestate was the first. The defendant estate insisted, against the protest of the claimant, upon proceeding before the referees; the claimant has been put to the expense of a trial; the estate cannot now, after being cast in the suit, be permitted to say that the referees had no power to try the matters submitted to them. Both awards were valid and the claimant is entitled to recover the amount of the last one, unless some defence has intervened. That he may have an opportunity to do so the

*Judgment is reversed and cause remanded.*